UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CHAKEJIAN )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>EQUIFAX INFORMATION SERVICES LLC )<br>)<br>Defendant. )<br>) | C. A. No. 07-<br><br>CLASS ACTION |

## AMENDED COMPLAINT – CLASS ACTION

### I. Preliminary Statement

1. This is a consumer class action brought for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), against Defendant Equifax Information Services LLC ("Equifax"). Equifax falsely represents to consumers who have disputed the accuracy of public records information reported about them by Equifax that it has directly contacted the original source of the public records. In fact, Equifax never contacts the original source of a public record when investigating a consumer dispute. Additionally, if Equifax fails to remove an inaccurate public record from a consumer's credit report, Equifax advises the consumer to take up his or her dispute with the "source" of the public record. As such, consumers who are the subject of an inaccurate Equifax public record are thrust into an endless maze of wasting time and energy in an effort to ascertain the true source of the inaccurate public record being reported about them. Equifax never discloses the true sources of the public records it reports about consumers. Equifax's practice of misrepresenting the source of its public records information and its dispute investigations is carried out through a deliberate and intentional policy and practice.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III. Parties

4. Plaintiff Richard Chakejian is an adult individual who resides at 2137 Art School Road, Chester Springs, PA 19425.

5. Defendant Equifax Information Services LLC is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

## IV. Factual Allegations

6. Defendant has been reporting derogatory information and statements about the Plaintiff to third parties that it knows or should know to be false.

7. Specifically, Equifax has falsely reported that Plaintiff filed a Chapter 7 bankruptcy (the "inaccurate public record"). In fact, an involuntary bankruptcy had been falsely filed against Plaintiff, and upon Plaintiff's challenge, was withdrawn. As set forth in an order from the United States Bankruptcy Court for the Eastern District of Pennsylvania, the original filing was improper, and any and all references regarding the improperly filed involuntary bankruptcy filing against Plaintiff were to have been stricken from Plaintiff's credit reports.

8. The inaccurate public record negatively reflects upon the Plaintiff, his financial responsibility and credit reputation.

9. Defendant has been reporting the inaccurate public record by placing on Plaintiff's credit report which it has disseminated to various persons and credit grantors.

10. Plaintiff disputed the inaccurate public record with the Defendant orally and in writing in January 2007.

11. In addition to disputing the inaccurate information, Plaintiff has provided Defendant with extrinsic written documentation corroborating Plaintiff's disputes, including an order from the Eastern District of Pennsylvania bankruptcy court.

12. In response to Plaintiff's dispute, on January 26, 2007, Defendant sent Plaintiff correspondence which falsely stated that it had contacted the source of the inaccurate public record, which it identified as the "Eastern District of PA," located at the "Robert NC Nix Federal Building, 900 Market St. RM 400, Philadelphia, PA 19107-4233" in reference to Plaintiff's dispute, but that it "verified" that the inaccurate public record belonged to Plaintiff (the "Reinvestigation Letter" or "Letter"). *See* letter of January 26, 2007, attached hereto as Exhibit A.

13. Contrary to what it represented to Plaintiff, Defendant never contacted the United States Bankruptcy Court for the Eastern District of Pennsylvania or anyone located at the Robert Nix building in response to Plaintiff's dispute.

14. As a matter of common practice, Defendant obtains the public record information it reports about consumers from independent companies it hires, not from the actual sources such as a courthouse. Moreover, if and when it undertakes any action in response to a consumer's dispute regarding the accuracy of a public record, it never contacts the original source of the information, but rather contacts the private independent company that it never discloses to the consumer. Notwithstanding this reality, Defendant falsely advises consumers otherwise, as demonstrated above. Defendant's practice of misrepresenting its investigation activities to

3

consumers is carried out systemically through its use of form letters, such as the Reinvestigation Letter sent to Plaintiff.

15. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681i of the FCRA.

16. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

### V.     Class Action Allegations

17. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All consumers in the Commonwealth of Pennsylvania to whom, beginning two years prior to the filing of this Amended Complaint and continuing through the resolution of this action, in response to a dispute, Defendant sent a letter substantially similar to the Letter attached hereto as Exhibit A.

18. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Defendant handles hundreds if not thousands of consumer disputes and investigations of public record information, and Defendant's uniform practice and procedure is to send form letters in response which misrepresent its investigation activities. Accordingly, Plaintiff estimates that the class size numbers in the hundreds, if not thousands.

19. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendant violated the FCRA by misrepresenting its reinvestigation activities when responding

to a dispute it received from a consumer who disputed the accuracy of a public record that Equifax was reporting.

20. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

22. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

23. Whether a consumer was sent one of Equifax's false Reinvestigation Letters can be easily determined by a ministerial inspection of Defendant's business records.

24. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to between $100.00 and $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI. Claims

### Count One - FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" ("CRA") as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. Pursuant 15 U.S.C. §1681i, if a consumer disputes the completeness or accuracy of information appearing in his or her credit report with a CRA, the CRA must either conduct a reinvestigation of that dispute or delete the information. If the CRA conducts a reinvestigation, it must provide the consumer written notice of the results of its reinvestigation, and it may without having to await a request from the consumer, describe the reinvestigation procedure.

29. Pursuant to 15 U.S.C. §1681n, Defendant is liable to the Plaintiff for misrepresenting and willfully misstating the results of its reinvestigation and its reinvestigation procedure in violation of 15 U.S.C. §1681i.

### VII. Jury Trial Demand

30. Plaintiff demands trial by jury on all issues so triable.

### VIII. Prayer For Relief

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That an order be entered declaring that Defendant's actions as described above are

in violation of the FCRA;

    (c)    That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

    (d)    That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. §§ 1679g(a)(2), 1681n(a)(2);

    (f)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1679g(a)(3), 1681n and 1681o; and

    (g)    That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   /s/ *JAMES A. FRANCIS*
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

David A. Searles
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Attorneys for Plaintiff

Dated: September 28, 2007

# EXHIBIT A

P.O. Box 105518
Atlanta, GA 30348

January 26, 2007

 **EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com


000575418-2047
Richard Chakejian
2137 Art School Rd 1
Chester Springs, PA 19425-1313

Dear Richard Chakejian:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

>>> **We have reviewed the current address. The results are:** The current address has been added/updated per the information you have supplied.

>>> **We have reviewed the bankruptcy information. 0532489 The results are:** Equifax verified that this item belongs to you. If you have additional questions about this item please contact: **Eastern District of PA, Robert NC NIX Federal Buil, 900 Market St RM 400, Philadelphia, PA 19107-4233**

If you have any additional questions regarding the information provided to Equifax by the source of any information, please contact the source of that information directly. You may contact Equifax regarding the specific information contained in this letter within the next 60 days by visiting us at www.investigate.equifax.com.

Thank you for giving Equifax the opportunity to serve you.

**Notice to Consumers**

Upon receipt of your dispute, we first review and consider the relevant information you have submitted regarding the nature of your dispute. If the review does not resolve your dispute and further investigation is required, notification of your dispute, including the relevant information you submitted, is provided to the source that furnished the disputed information. The source reviews the information provided, conducts an investigation with respect to the disputed information and reports the results back to us. The credit reporting agency then makes deletions or changes to your credit file as appropriate based on the results of the reinvestigation. The name, address and, if reasonably available, the telephone number of the furnisher(s) of the information contacted while processing your dispute(s) is shown under the "Results of Your Investigation" section on the cover letter that accompanies the copy of your revised credit file.

If you still disagree with an item after it has been verified, you may send to us a brief statement, not to exceed one hundred words (two hundred words for Maine residents), explaining the nature of your dispute. Your statement will become part of your credit file and will be disclosed each time that your credit file is accessed.

If the reinvestigation results in a change to or deletion of the information you are concerned about, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company that received your credit file in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.