# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CHAKEJIAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 07-2211 |
| | ) |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF MARK JOHNSON

I, Mark Johnson, hereby declare under penalty of perjury that the following is true and correct:

1. My name is Mark Johnson. I am over 21 years of age and I am competent to testify as to the matters stated herein. I am employed by LexisNexis Risk Data Retrieval Services LLC ("RDR"). I have been employed in the public records collection business since 1995, when I commenced work with a company whose operations were ultimately combined with what is now RDR. RDR is located at 1900 Northwest Expressway, Suite 1600, Oklahoma City, Oklahoma 73118. My official title is Vice President, Data Services, and I manage RDR's public records collection business.

2. My job responsibilities involve virtually every aspect of the operations of RDR's public records collection business, from managing the groups that perform the day-to-day operations of the public records collection business, to supervising systems and infrastructure, to managing the negotiation of contracts with RDR's various contractors, vendors and customers. As a result of my work, I am knowledgeable about RDR's business activities as they relate to public records collection.

3. RDR is a public records vendor that gathers select information about certain public records, such as bankruptcy filings, civil judgments and liens, and provides that information in bulk (i.e., by geographic criteria, not as individual records) to its customers.

4. Among RDR's customers are consumer reporting agencies ("CRAs") such as Equifax Information Services LLC ("Equifax"), Trans Union, LLC, Experian Information Solutions, Inc and CSC Credit Services.

5. Courthouses and clerks' offices across the country make public records available in different formats, by different means, and at differing time intervals from various public access points. For some sources of public records information, RDR uses automated electronic processes to copy data from electronically-available public records, for example bankruptcy records available on Public Access to Court Electronic Records ("PACER") dockets. To collect additional information about public records, RDR also contracts with over 500 independent contractors ("ICs"). The ICs access court records via public access points in public offices or on-line.

6. In addition to gathering public record data, RDR also performs on-demand public record information and document retrieval for the CRAs as part of a "consumer dispute verification" or "CDV" process. RDR performs CDVs pursuant to the same contracts that RDR has entered into with its customers to gather and provide public records information.

7. The CRAs initiate CDVs after a consumer initiates a dispute as to the accuracy of a consumer report that the credit bureau has assembled about the consumer. Upon receipt of a CDV, RDR assigns an IC to go to an official source of the public record, re-collect the information, and verify the record's status.

8. RDR conducts no transactions and has no experience with individual consumers about whom credit bureaus have prepared consumer reports that include public record information. The public record information that RDR transmits to the credit bureaus in bulk does not relate in any way to RDR's transactions or experiences with any consumer. Neither RDR nor its employees or ICs have any specific or first hand knowledge of the events underlying the information contained in the public records collected and transmitted by RDR.

9. RDR does not conduct an investigation or analysis of whether a public record that has been disputed with Equifax by a consumer should be removed from the consumer's credit file, or amended in any way. RDR's role is only to gather current information about the record and its status (e.g., has a reported judgment been released?) and to transmit that information to Equifax for Equifax's use in evaluating the dispute.

10. The credit reporting industry's current web-based electronic dispute processing system is known as e-OSCAR ("Online Solution for Complete and Accurate Reporting"). The credit bureaus do not use e-OSCAR to convey investigation requests to RDR (unlike mortgage lenders, creditors, and banks, with which the bureaus use e-OSCAR), and RDR does not use e-OSCAR to transmit results of any CDV back to a credit bureau.

11. The relationship between Equifax and RDR is contractual and subject to the terms and conditions of a "Public Records Agreement."

12. Per the Public Records Agreement, RDR is an independent contractor of Equifax for purposes of obtaining information about public records.

13. RDR is not the "source" of public record information obtained by Equifax. RDR merely acts as a conduit between the information source – the courts or other official locations where public records are reported – and Equifax. If it so chose, Equifax could send an employee

to a courthouse to check court records, or could use another conduit – such as an internet service provider if the court has a public website – to obtain the same information transmitted by RDR.

14. RDR is not a "furnisher of information" as that term is used in the Fair Credit Reporting Act ("FCRA"). RDR construes the term "furnisher" or "furnisher of information" to mean a company, such as a bank or lender, that provides data to the CRAs regarding its transactions and experiences with consumers.

15. RDR is not aware of any authority, such as the Federal Trade Commission or a Federal Court decision, that has designated or characterized RDR, or any company, in providing public record information to credit bureaus, as a "furnisher" under the Fair Credit Reporting Act.

16. RDR is not aware of any court or the FTC construing the term "furnisher" to include a public records vendor.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 4th day of March, 2010 at Oklahoma City, Oklahoma

By: /s/ Mark Johnson
Mark Johnson