## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD CHAKEJIAN,** ) <br> **on behalf of himself and all others** ) <br> **similarly situated,** ) <br> ) <br>           **Plaintiffs,** ) <br>   **vs.** ) <br> ) <br> **EQUIFAX INFORMATION SERVICES LLC,** ) <br> ) <br>           **Defendant.** ) <br> ) | C. A. No. 07- 2211 <br><br> CLASS ACTION |

## **PLAINTIFFS' PROPOSED POINTS FOR CHARGE**

Class Representative Richard Chakejian, by and through his undersigned counsel, on behalf of the Class, respectfully submits the following Proposed Points for Charge:

## **PLAINTIFFS' INSTRUCTION NO. P- 1 (THE CLASS)**

This is a class action.  The law provides that where there are a large number of people in a similar situation, a lawsuit may proceed as a class action.

I have determined that this case may proceed as a class action.   Now you will decide the case for every member of the Class.  Whatever you decide in your verdict will be binding upon all members of the Class, who number in the thousands.

A class action is a mechanism to resolve disputes in a single trial so every member of the Class need not put on his or her own evidence.   Thus, no Class member needs to be present at trial and you are not to draw any inferences from the fact that any Class member was or was not present at trial.  No class member need testify at trial, and you may not draw any inferences from the fact that any Class member testified or did not testify.

See generally Samuel–Bassett v. Kia Motors America, Inc., Jan. Term 2001, No. 2199 (Phila. Ct. Com. Pl.), Judge Bernstein's Jury Instructions, Trial Tr. 31-33.

National Consumer Law Center, CONSUMER CLASS ACTIONS, § 14.2 (6th ed. 2006).

**PLAINTIFFS' INSTRUCTION NO. P-2 (SUMMARY OF CLAIMS)**

This case is brought under the Fair Credit Reporting Act or "FCRA." If a consumer disputes the accuracy or completeness of any item of information in his or her Equifax credit file, the FCRA requires Equifax to conduct a reasonable reinvestigation into that consumer depute. At the conclusion of its reinvestigation, Equifax is required to provide to the consumer in writing: (1) a *notice* of the results of its reinvestigation; and (2) a *description of the procedure* used to determine the accuracy and completeness of the disputed information, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

The Plaintiffs here claim that they disputed a public records item -- such as a bankruptcy, tax lien or civil judgment -- appearing in their Equifax credit files, and that at the conclusion of the reinvestigation Equifax sent them a false and misleading Letter which (1) did not properly convey the results of Equifax's reinvestigation and (2) did not properly describe the actual procedure used to reinvestigate the disputes, including the actual furnisher that Equifax contacted in connection with the disputed public records items.

Equifax denies that it violated the FCRA.


See 15 U.S.C. §§ 1681i(a)(6)(A) & (B).

**PLAINTIFFS' INSTRUCTION NO. P-3 (FCRA'S PURPOSE GENERALLY)**

The FCRA is a federal statute intended to regulate the handling of consumers' personal information with regard to confidentiality, accuracy, and the proper use of such information.

The purpose of the Fair Credit Reporting Act, in the words of the statute, is as follows:

> It is the purpose of the Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

15 U.S.C. §1681(b); Philbin v. Trans Union Corp., 101 F.3d 957, 962 (3d Cir. 1996).

In enacting the FCRA, the U.S. Congress made the following findings:

> (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness,[1] credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. §1681(a).

## PLAINTIFFS' INSTRUCTION NO. P-4 (DEFINITIONS)

The Representative Plaintiff, Mr. Chakejian, and all members of the Class are "consumers" entitled to the protection and benefit of the FCRA. I shall refer to them as "the Class" or "Plaintiffs." The Defendant Equifax Information Services LLC is a "consumer reporting agency" and is regulated by the FCRA. I shall refer to it as "Equifax" or "Defendant." The term "furnisher" means any person who provided any item of information to Equifax that was the subject of the consumer's dispute.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.03; 15 U.S.C. § 1681a (definitions); 15 U.S.C. § 1681i(a)(2).

## **PLAINTIFFS' INSTRUCTION NO. P-5 (1681i NOTICE CLAIM)**

Now, in this case, Plaintiffs disputed a public records item appearing on their Equifax credit files.  The FCRA requires Equifax to reinvestigate Plaintiffs' disputes and provide to Plaintiffs a written notice with the results of its reinvestigation into that dispute.  In order to prevail on this claim, Plaintiffs must establish that Equifax willfully failed to provide to them an accurate notice of the results of its reinvestigations.


See 15 U.S.C. §§ 1681i(a)(6)(A); 15 U.S.C. § 1681n.

**PLAINTIFFS' INSTRUCTION NO. P-6A (1681i PROCEDURE CLAIM)**

The FCRA also requires Equifax, following a dispute, to provide to Plaintiffs a notice of their right to request a description of the reinvestigation, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available. In order to prevail on this claim, Plaintiffs must establish that Equifax willfully failed to satisfy this legal requirement.

See 15 U.S.C. §§ 1681i(a)(6)(B); 15 U.S.C. § 1681n.

**PLAINTIFFS' INSTRUCTION NO. P-6B (1681i PROCEDURE CLAIM)**

The FCRA also requires Equifax to provide to Plaintiffs a written description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available. In order to prevail on this claim, Plaintiffs must establish that Equifax willfully failed to satisfy this legal requirement.

See 15 U.S.C. §§ 1681i(a)(6)(B); 15 U.S.C. § 1681n.

**PLAINTIFFS' INSTRUCTION NO. P-7 (WILLFULNESS STANDARD)**

You just heard me use the term "willfully." A consumer reporting agency acts willfully by following a policy or practice in "reckless disregard" of any consumer right. Reckless conduct or reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known. Note that reckless conduct need <u>not</u> be knowing, intentional, premeditated or malicious. The Plaintiffs here do not need to show that Equifax deliberately violated the law, only that it acted with reckless disregard for consumer rights.

You may separately find that Equifax willfully failed to comply with the FCRA if you determine that Equifax willfully concealed or misrepresented information that it was required to provide to Plaintiffs at the conclusion of its reinvestigation.

See <u>Safeco Ins. Co. of America v. Burr</u>, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220, 225 (3d Cir. 1997).

## **PLAINTIFFS' INSTRUCTION NO. P-8 (BURDEN OF PROOF)**

As in most civil cases, the Plaintiffs here have the burden of proving their case by a preponderance of the evidence. A "preponderance" is the greater weight of the evidence.

Specifically, preponderance of the evidence means that Plaintiffs have to prove to you, in light of all the evidence, that at least one of their claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to defendant on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on their side. If Plaintiffs fail to meet this burden, the verdict must be for Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then that claim or fact has been proved by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.


Third Circuit Model Instruction 1.10.

## **PLAINTIFFS' INSTRUCTION NO. P-9 (STATUTORY DAMAGES)**

In a class action such as this, proof as to the Representative Plaintiff, Mr. Chakejian, is proof as to all members of the class.

If you find that the Plaintiffs established any one of claims, you *must* award statutory damages under the Fair Credit Reporting Act. The amount of statutory damages that you award cannot be less than $100 or more than $1,000 per Class member.

15 U.S.C. § 1681n; A. Conte & H. Newberg, NEWBURG ON CLASS ACTIONS, § 10:4 & note 5 (4th ed. 2002); MANUAL FOR COMPLEX LITIGATION (THIRD) Ch. 22 (2001) (observing that molded verdicts and special interrogatories are typically used in complex cases such as class actions).

**PLAINTIFFS' INSTRUCTION NO. P-10**
**(FACTORS FOR AWARDING PUNITIVE DAMAGES)**

In this case, the law provides that you may also award punitive damages. The purposes of punitive damages are to punish Equifax's misconduct and to deter similar misconduct in the future. Some of the factors you may consider in assessing punitive damages include:

(1)   the purposes of the Fair Credit Reporting Act;

(2)   the Defendant's net worth;

See generally Gertz v. Welch, 418 U.S. 323, 350 (1974); Kaplan v. Harco Nat. Ins. Co., 708 So. 2d 89, 95 (Miss. App. 1998); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986).

                Respectfully submitted,

                **FRANCIS & MAILMAN, P.C.**

BY:   */s/ John Soumilas*
        JAMES A. FRANCIS
        JOHN SOUMILAS
        GREGORY GORSKI
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        DAVID A. SEARLES
        **DONOVAN SEARLES, LLC**
        1845 Walnut Street, Suite 1100
        Philadelphia, PA  19103
        (215) 732-6067

Dated: April 26, 2010

## **CERTIFICATE OF SERVICE**

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of the foregoing Plaintiffs' Proposed Points for Charge to be served by way of ECF Notification, upon the following:

Catherine Olanich Raymond, Esquire
Christie Pabarue Mortensen & Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA  19103

Barry Goheen, Esquire
Lewis P. Perling, Esquire
King & Spalding
1180 Peachtree Street, NW
Atlanta, GA  30309-3521

*Attorneys for Defendant*
*Equifax Information Services LLC*

**FRANCIS & MAILMAN, P.C.**

  /s John Soumilas
JOHN SOUMILAS
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: April 26, 2010