UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD CHAKEJIAN** ) | |
| ) | |
| Plaintiff, ) | C. A. No. 07- 2211 |
| vs. ) | |
| ) | |
| **EQUIFAX INFORMATION SERVICES LLC** ) | **CLASS ACTION** |
| ) | |
| **Defendant.** ) | |
| ) | |

# ORDER

**AND NOW** on this __8TH____ day of June, 2010, upon consideration of the Motions *In Limine* filed by Plaintiff Richard Chakejian and Defendant Equifax Information Services LLC, and following oral argument on the Motions, it is **ORDERED** as follows:

Plaintiff's Motions *in Limine* (Doc. #105) are **GRANTED** in part and **DENIED** in part.

1.   Plaintiff's Motion *in Limine* no. 1 is **GRANTED**.  Defendant is precluded from offering any evidence or argument at trial concerning Mr. Chakejian's other lawsuits and business disputes unless directly related to this action.

2.   Plaintiff's Motion *in Limine* no. 2 is **GRANTED**.  Defendant is precluded from: offering any evidence or argument at trial concerning Mr. Chakejian's use of a credit repair organization to make other disputes to Equifax; in addition, Equifax trial exhibits 4, 5, 9, 10, 11, and 12 are excluded.

3.   Plaintiff's Motion *in Limine* no. 3 is **GRANTED** such that Defendant is precluded from offering any evidence at trial that Mr. Chakejian or the Class has a burden or need to show any form of actual damages.

4.	Plaintiff's Motion *in Limine* no. 4 is **DENIED** as moot.  The Court will provide an instruction to the jury that they may not find Equifax liable under a negligence standard.

5.	Plaintiff's Motion *in Limine* no. 5 is **GRANTED,** as agreed to by the parties. Defendant is precluded from offering into evidence the Plaintiff's original Complaint, Equifax trial exhibit 16.

6.	Plaintiff's Motion *in Limine* no. 6 is **GRANTED** insofar as Equifax has agreed not to defend the claims asserted against it on the grounds of advice of counsel.  The remainder of Plaintiff's Motion *in Limine* no. 6 is deferred until trial.

7.	Plaintiff's Motion *in Limine* no. 7 is **GRANTED**.  Defendant is precluded from offering any evidence or making any argument at trial concerning the fact that Shadee Abusaab lost his trial in the case of *Abusaab v. Equifax Information Services LLC*, C.A. No. 05-5094 (E.D. Pa.), in 2006.

8.	Plaintiff's Motion *in Limine* no. 8 is **GRANTED**, as agreed to by the parties. Defendant is precluded from offering any evidence or making any argument at trial concerning the fact that the same law firm that represents Mr. Chakejian here also represented the plaintiff in the case of *Abusaab v. Equifax Information Services LLC*, C.A. No. 05-5094 (E.D. Pa.).

9.	Plaintiff's Motion *in Limine* no. 9 is **GRANTED**, as agreed to by the parties. Defendant is precluded from offering any evidence or making any argument at trial concerning other litigation involving Plaintiff's counsel and Equifax.

10.	Plaintiff's Motion *in Limine* no. 10 is **DENIED**.  Equifax is not precluded from offering evidence or making argument at trial concerning whether other consumers complained about or were confused by the form Letter.

11. Plaintiff's Motion *in Limine* no. 11 is **GRANTED**. Defendant is precluded from offering any evidence or argument at trial concerning any impact upon Equifax of the total size of any statutory damages award. This ruling is without prejudice to Equifax's raising the issue at the punitive damages stage, if any.

12. Plaintiff's Motion *in Limine* no. 12 is **GRANTED**.[1] The Court has determined that it was objectively unreasonable for Equifax to suggest in its form letter that the bankruptcy court was the furnisher of the disputed information. The bankruptcy court furnished nothing to Equifax.

Defendant's Motions *in Limine* (Doc. #106) are **GRANTED** in part and **DENIED** in part.

13. Defendant's Motion *in Limine* no. 1 is **DENIED**. However, Plaintiff, his counsel, and his witnesses are precluded from arguing that section 1681i(a)(6)(A) of the FCRA provides a cause of action separate and independent from section 1681i(a)(6)(B)(iii) of the FCRA.[2]

14. Defendant's Motion *in Limine* no. 2 is **DENIED**. Plaintiff, his counsel, and his witnesses are not precluded from portraying the January 26, 2007 letter from Equifax to Plaintiff as a description of Equifax's reinvestigation procedures.

15. A ruling on Defendant's Motion *in Limine* no. 3, seeking to preclude evidence concerning the trial testimony of Shawn DeGrace in the *Abusaab* case, is **DEFERRED** until trial.

16. Defendant's Motion *in Limine* no. 4 is **GRANTED**. Because Equifax has agreed not to assert an "advice of counsel" defense, Plaintiff is precluded from calling Lewis Perling as a witness.

---

[1] The parties are to take special note of this ruling.

[2] The parties are to take special note of this ruling.

17. Defendant's Motion *in Limine* no. 5 is **DENIED** as moot.[3] The Court has determined that Equifax, in sending out a standard letter, whether requested by the consumer or not, describing what facially appears to be some version of its reinvestigation procedures, waived its right to assert that Chakejian made no request for a description of Equifax's reinvestigation procedures. There is no evidence in the record that Equifax would have supplied a different letter, describing different reinvestigation procedures, upon request.

18. Defendant's Motion *in Limine* no. 6 is **GRANTED** without prejudice. Plaintiff, his counsel, and his witnesses are precluded from introducing annual reports at this time. As for records that were not disclosed in discovery, I will rule upon that issue if and when applicable.

19. Defendant's Motion *in Limine* no. 7 to bifurcate the trial is **DENIED** without prejudice. Until the Court rules otherwise, Plaintiff, his counsel, and his witnesses are at this time precluded from testifying or introducing any evidence or making any argument concerning Equifax's net worth, assets, financial condition, or quantification of punitive damages.

20. Defendant's Motion *in Limine* no. 8 to exclude Plaintiff's expert, Evan Hendricks, from testifying in this matter is **GRANTED**, without prejudice to Plaintiff's right to call Mr. Hendricks as a witness at the end of his case in chief, at which time the Court will revisit this Motion *in Limine* no. 8.

                                                               **s/Anita B. Brody**

                                                        **ANITA B. BRODY,   U.S.D.J.**

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to:

---

[3] The parties are to take special note of this ruling.