UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CHAKEJIAN ) | |
| ) | |
| Plaintiff, ) | C. A. No. 07-2211 |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES LLC ) | CLASS ACTION |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER CONSOLIDATING ACTIONS AND PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered into by the parties, hereby Orders that:

1. Upon the stipulation of the parties, the Court certifies a class for settlement purposes only (the "Settlement Class"), pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All persons in the Commonwealths of Pennsylvania and Virginia and the State of New Jersey, who were sent the letter at issue in this litigation by Equifax that contained language substantially similar to the letter attached to the complaint filed in the Chakejian Action, beginning September 28, 2005 for Pennsylvania Class Members, March 21, 2006 for New Jersey Class Members and February 26, 2008 for Virginia Class Members through June 6, 2010, seeking statutory damages only for an alleged willful violation of 15 U.S.C. § 1681i(a)(6)(b)(iii) and 15 U.S.C. § 1681i(a)(6)(A).

If the settlement is not finally approved, Equifax Information Services LLC's stipulation to certification of the Settlement Class shall be binding.

2. This Settlement Class is comprised of the now consolidated actions of *Summerfield v. Equifax Information Services, LLC*, C.A. No. 08-1450 (originally filed in the United States District Court for the District of New Jersey), and *Webb v. Equifax Information Services, LLC*, C.A. No. 10-107 (originally filed in the United States District Court for the

Eastern District of Virginia), which have been properly transferred to the United States District Court for the Eastern District of Pennsylvania exclusively for inclusion in the settlement and will further be referred to under the lead case *Chakejian v. Equifax Information Services, LLC*, C.A. No. 07-2211.

3. The Settlement Agreement entered into between the parties as of August 31, 2010, appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a Fairness Hearing as provided for herein.

4. The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

   (a) there are thousands of members of the Settlement Class;

   (b) the claims of the Settlement Class Representatives are typical of those of the other members of the Settlement Class;

   (c) there are questions of fact and law that are common to all members of the Settlement Class; and

   (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class and have retained Class Counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the Settlement Class.

5. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law

common to the members of the Settlement Class predominate over any questions affecting only individual members.

6.  Pursuant to Fed. R. Civ. P. 23, Plaintiffs Richard Chakejian, Bruce A. Summerfield and Tony Lee Webb are certified as the Settlement Class Representatives. This Court certifies the firm of FRANCIS & MAILMAN, P.C. as Lead Class Counsel, serving with DONOVAN SEARLES, LLC, ROBERT S. SOLA, P.C. and CONSUMER LITIGATION ASSOCIATES, P.C. as counsel for the Class (together "Class Counsel").

7.  The Court will hold a fairness hearing pursuant to Fed. R. Civ. P. 23(e) on _March 29_, 201*1* ~~AEB~~ (100 days after entry of Preliminary Approval Order) in Courtroom _7B_ at _11:00_ _A_.m. for the following purposes:

(A) To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

(B) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(C) To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the Agreement;

(D) To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for an individual settlement award to the Class Representatives; and

(E) To rule upon other such matters as the Court may deem appropriate.

8.  Within sixty (60) days of entry of this Order:

(a) The Settlement Notice included in Exhibit A to the Settlement Agreement shall be sent by the Claims Administrator (as such term is defined in the Settlement Agreement) via U.S. Mail, first class, to all members of the Settlement Class member's current address on the Equifax file. To assist in this process, Equifax shall provide to the Settlement Administrator, within thirty (30) days after entry of this Order, a Class Member List in readable and

queryable electronic form. In preparing the Class Member List, Equifax shall use reasonable, good faith efforts to identify Class members; and

(b) In connection with the class certification of the Pennsylvania Lawsuit on March 25, 2009, Class Counsel established www.equifaxclassaction.info. Within thirty (30) days after the Court enters the Preliminary Approval Order, Lead Class Counsel shall update the www.equifaxclassaction.info website with information about the settlement including the following information: (i) the full text of the Settlement Agreement; (ii) the Class Notice (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court); (iii) the Preliminary Approval Order and other relevant orders of the Court; and (iv) contact information for Class Counsel and the Claims Administrator.

9. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. The costs of printing and mailing the Settlement Notice and administering the settlement shall be paid by Equifax.

11. Counsel for Equifax shall file, no later than twenty (20) days before the fairness hearing, proof of mailing of the Settlement Notice.

12. If a Settlement Class Member chooses to Opt-Out of the Settlement Class, such Settlement Class Member is required to submit an Exclusion Request to the Claims Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than twenty (20) days before the date of the Fairness Hearing or as the Court otherwise may

direct. A Settlement Class Member who submits an Exclusion Request using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. No later than twenty (20) days prior to the Fairness Hearing, Class Counsel shall prepare and file with the Court, and serve on Equifax's Counsel, a list of all persons who have timely opted out of the Settlement Class, as compiled by the Claims Administrator. At that time, Class Counsel shall also supply its determinations as to whether any request to Opt Out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to Opt Out of the Settlement Class was not submitted on a timely basis.

13. A Settlement Class Member who does not file a timely Exclusion Request shall be bound by all subsequent proceedings, orders, and judgments in the Actions. Prior to the date of the Final Order and Judgment, the Court, upon application of Equifax's Counsel or Class Counsel, may permit a Settlement Class Member who has filed a timely Exclusion Request to withdraw such Exclusion Request and to participate in the Settlement Class and the Settlement Agreement as if such Exclusion Request had never been made.

14. No later than ten (10) days prior to the Fairness Hearing, Class Counsel shall prepare and file with the Court, and serve on Equifax's counsel, a list of all persons who have timely objected to the settlement. As provided in the Settlement Notice, each Settlement Class member shall have the right to exclude himself or herself from the Settlement Class by mailing a request for exclusion to the Claims Administrator postmarked no later than thirty (20) days after mailing of the Settlement Notice. Requests for exclusion must set forth the Settlement Class member's name and address. At least ten (10) days prior to the Fairness Hearing, Class counsel shall file with the Court a list of all persons who have timely opted-out of the Settlement Class, as compiled by the Claims Administrator. The Claims Administrator shall

also at that time supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class member whose request to opt out of the Settlement Class was not submitted on a timely basis.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Representative Plaintiffs and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the Fairness Hearing.

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
Hon. Anita B. Brody, U.S.D.J.

Dated: October 18, 2010