UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD CHAKEJIAN,<br>BRUCE A. SUMMERFIELD, AND<br>TONY LEE WEBB, | ) ) ) ) | |
| Plaintiffs, | ) | C. A. No. 07- 2211 |
| vs. | ) ) | |
| EQUIFAX INFORMATION SERVICES LLC, | ) ) | CLASS ACTION |
| Defendant. | ) ) ) | |

## PROOF OF MAILING OF SETTLEMENT NOTICE

COMES NOW Defendant, Equifax Information Services LLC ("Equifax"), by its undersigned counsel, and pursuant to the Court's Order Consolidating Actions and Preliminarily Approving Settlement and Directing Notice To Class (Doc. 124), files the attached Affidavit of Tore Hodne, on behalf of Rust Consulting, Inc., the claims administrator, as proof that the Settlement Notice was mailed in accordance with the Court's instructions.

This 8th day of March, 2011.

EQUIFAX INFORMATION SERVICES LLC,

By: /s/Lewis P. Perling_____
        One of its Attorneys
        Lewis P. Perling, Esq.
        King & Spalding LLP
        1180 Peachtree Street N.E.
        Atlanta, GA  30309-3521
        (404) 572-4600
        Fax (404) 572-5100

        Catherine Olanich Raymond, Esq.
        Christie, Pabarue, Mortensen and Young
        1880 JFK Boulevard - 10th Floor
        Philadelphia, PA  19103
        (215) 587-1600

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing  by

ECF notice and by depositing same in the United States mail, properly addressed with sufficient

postage affixed thereto to ensure delivery to:

James A. Francis, Esq.
Mark D. Mailman, Esq.
John Soumilas, Esq.
Michael J. Szymborski, Esq.
Francis & Mailman, PC
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, PA 19110

David A. Searles
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

Jeff Lichtenstein
P.O. Box 655
Dover, NJ 07802

Dated:  March 8, 2011.

/s/Lewis P. Perling _____

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD CHAKEJIAN, et al.                    :          Civil Action No. 07-2211
                                             :
       Plaintiff,                            :
                                             :
v.                                           :
                                             :
EQUIFAX INFORMATION SERVICES                 :
LLC,                                         :
                                             :
       Defendant.                            :

## AFFIDAVIT OF TORE HODNE

STATE OF MINNESOTA          )
                            ) SS:
COUNTY OF HENNEPIN          )

Tore Hodne, being first duly sworn upon oath, states as follows:

1.     I am making this affidavit on personal knowledge, and I am competent to testify to the matters stated below.

2.     I am employed by Rust Consulting, Inc. ("Rust") as a Senior Project Administrator. Rust was retained by Defendant Equifax Information Services LLC ("Equifax") as the Claims Administrator in this matter.

3.     On December 27, 2010, Rust mailed a total of 40,806 notices to class members informing them of the Settlement (the "Settlement Notice"). The names and addresses for this mailing were provided by the Defendant. A copy of the Notice in the form approved by the Court is attached as Exhibit A.

4.     The Notice informed class members, among other things, of their right to request exclusion from the class.

5.     Of the 40,806 Settlement Notices mailed, 2,282 were returned as undeliverable as of March 4, 2011. Of those, 115 had a forwarding address. These were promptly re-mailed.

6.     Rust also established a toll-free telephone number, 1-877-906-1610, that class members could call to hear recorded information about the proposed settlement. The toll-free telephone number was activated when Notices were sent.

7.     As of March 4, 2011, there were eight calls to the toll-free telephone number after the Settlement Notice was mailed.

8.     The Settlement Notice informed class members of their right to request to be excluded from the class. As of March 4, 2011, one person requested exclusion.

9.     The Settlement Notice informed class members of their right to object to the proposed settlement. To date, Rust has received no objections.

2

Tore Hodne

Sworn to before me and subscribed in my presence by the said Tore Hodne on

this 8th day of March, 2011.

Notary Public

BETTY M. PIGMAN
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

3

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CHAKEJIAN,<br>BRUCE A. SUMMERFIELD AND<br>TONY LEE WEBB,<br><br>       Plaintiffs,<br><br>       vs.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C. A. No. 07- 2211<br><br>CLASS ACTION |

**If you disputed a public record on your Equifax credit report and received a letter in response like the one attached as Exhibit A, you may be eligible for benefits from a class action settlement.**

*A federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

There is a proposed class action settlement with Equifax Information Services LLC, one of the country's three major credit reporting agencies ("Equifax" or "Defendant"). The Plaintiffs allege that Equifax violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended, sections 1681i(a)(6)(A) and 1681i(a)(6)(B)(iii) by sending letters that misrepresented what Equifax does when a consumer disputes a public record (*e.g.* judgment, tax lien, or bankruptcy) appearing on his or her credit report. More specifically, Plaintiffs contend that Equifax misrepresented the source of Equifax's public records information and misstated the results of its reinvestigation and its reinvestigation procedures, in violation of the FCRA. Plaintiffs contend that Equifax's violations were willful.

Equifax denies that it misrepresented the source of its public record information. Equifax also denies that it misstated the results of its reinvestigation and reinvestigation procedures. Equifax denies that it violated the FCRA and denies that any alleged violation of the FCRA was willful.

The settlement provides that the lawsuit may proceed as a class action on behalf of: *all persons in the Commonwealths of Pennsylvania and Virginia and the State of New Jersey, beginning September 28, 2005 for Pennsylvania Class Members, March 21, 2006 for New Jersey Class Members and February 26, 2008 for Virginia Class Members through June 6, 2010, to whom Equifax sent the letter that contained language substantially similar to the letter attached hereto as Exhibit A.* Prior to the settlement, the federal courts in Pennsylvania and New Jersey had certified lawsuits in each of those states to proceed as a class with respect to the claim alleging that Equifax committed a willful violation of the FCRA.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| | |
|---|---|
| **DO NOTHING** | **Participate in the settlement and receive benefits. Give up certain rights.**<br><br>By doing nothing, you will receive the benefits described more fully below. But, you give up any rights to sue Equifax individually for recovery of statutory damages for the same legal claims that are in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Remove yourself from this class action. Get no benefits. Keep certain rights.**<br><br>If you ask to be excluded, you will not receive any of the benefits described below. But, you keep any rights you may have to sue Equifax separately about the same legal claims that are in this lawsuit. |
| **OBJECT** | **File a notice with the Court communicating why you think the settlement should not be approved.** |

- Your rights and options—**and the deadlines to exercise them**— are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If it does, benefits will be distributed to identified Class Members. Please be patient.

- Any questions? Visit www.equifaxclassaction.info or call 1-877-735-8600.

## BASIC INFORMATION

### 1.    Why did I get this Notice?

There is a proposed settlement with Equifax in a class action lawsuit about whether it violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, as amended. The Plaintiffs contend that Equifax violated sections 1681i(a)(6)(A) and 1681i(a)(6)(B)(iii) of the FCRA, which require consumer reporting agencies such as Equifax to clearly and accurately disclose to the consumers the procedures and results of their reinvestigations into consumers' disputes.

Records provided by Equifax show that you disputed something in your credit report and Equifax sent you a letter concerning the results of Equifax's public records information, similar to the letter that Equifax sent to Plaintiffs Richard Chakejian, Bruce A. Summerfield and Tony Lee Webb, which is attached to this Notice as Exhibit A.

### 2.    What is this lawsuit about?

Plaintiffs Richard Chakejian, Bruce A. Summerfield and Tony Lee Webb have sued Equifax in three separate lawsuits in Pennsylvania, New Jersey and Virginia, respectively, each alleging that Equifax sends letters that misrepresent what it does when a consumer disputes a public record (such as a judgment, tax lien, or bankruptcy) appearing on his or her credit report. More specifically, Plaintiffs contend that Equifax misrepresents the source of Equifax's public records information and misstates the results of its reinvestigation and reinvestigation procedures, in violation of sections 1681i(a)(6)(A) and 1681i(a)(6)(B)(iii) of the FCRA. Plaintiffs contend that Equifax's violations were willful.

Equifax denies that it misrepresents the source of its public record information. Equifax also denies that it misstates the results of its reinvestigation and reinvestigation procedures. Equifax denies that it violated the FCRA and denies that any alleged violation of the FCRA was willful.

3

### 3.    What is a class action and who is involved?

In a class action lawsuit, one or more people called the "Class Representatives," in this case Richard Chakejian, Bruce A. Summerfield and Tony Lee Webb, sue on behalf of other people who have similar claims. All of the people together are called a "Class" or "Class Members." Mr. Chakejian, Mr. Summerfield and Mr. Webb are also called the Plaintiffs and the Class Representatives. The credit reporting agency they sued, Equifax, is called the Defendant. Equifax is a consumer reporting agency. One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

### 4.    Why is this lawsuit a class action?

The federal courts of Pennsylvania and New Jersey earlier decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the courts found that:

- There are thousands of people to whom Equifax sent the form letter during the applicable period;
- There are legal questions and facts that are common to each of them;
- The claims of Plaintiffs are typical of the claims of the rest of the Class;
- The Plaintiffs and the attorneys representing the Class will fairly and adequately represent the interests of the Class;
- The common legal questions and facts are more important than questions that affect only individuals; and
- A class action is a more efficient method of adjudication than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court Orders granting class certification in the Pennsylvanian and New Jersey actions, which are available at www.equifaxclassaction.info.

### 5.    Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, the Plaintiffs who support the settlement (that is, the Class Representatives who are Richard Chakejian, Bruce A. Summerfield and Tony Lee Webb) and Equifax agreed to settle all the claims alleged in the three separate cases to avoid the costs and risks of trials. The settlement does not mean that any law was violated or that the Defendant did anything wrong. The Defendant denies all legal claims in this case. The Class Representatives and their lawyers think the settlement is best for all Class Members.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this settlement.

### 6.    Am I in the Class?

In settling the case, the parties have agreed that the Class will consist of all consumers in the Commonwealths of Pennsylvania and Virginia and the State of New Jersey who were sent a letter by Equifax which contained language substantially similar to the letter at issue in this litigation, beginning September 28, 2005 for Pennsylvania Class Members, March 21, 2006 for New Jersey Class Members and February 26, 2008 for Virginia Class Members through June 6, 2010.

If you meet this description, you are a member of the Class.

### 7.    What does the settlement provide?

The Settlement Agreement provides the following benefits:

Equifax has agreed to change the form consumer letter at issue in the lawsuit as follows: (a) Equifax will not represent that the government and/or any court or courthouse is a furnisher of information in response to a

consumer's dispute or in Equifax's correspondence to consumers reflecting the results of an investigation or reinvestigation; (b) Equifax will not represent that the government and/or any court or courthouse was contacted "directly" by Equifax in connection with any consumer's dispute; (c) Equifax will not represent that the government and/or any court or courthouse actually investigated a consumer's dispute; and (d) Equifax will provide to consumers, with the investigation results, a notice that the consumer may request a description of the reinvestigation process and the contact information of any furnisher contacted by Equifax in that reinvestigation, in accordance with FCRA § 1681i(a)(6)(B)(iii).

Each Class Member shall be automatically granted the right to an Equifax credit monitoring service called Credit Watch Gold, or its equivalent product of comparable retail value provided by Equifax for free for a period of eighteen (18) months. This service includes the following benefits: (a) daily monitoring of a consumer's Equifax credit file, providing alerts for key changes; (b) unlimited access to the consumer's Equifax consumer credit file; (c) free access to the automated fraud alerts feature; and (d) identify theft insurance. If the Court approves the settlement, you will receive a letter from the Claims Administrator providing you instructions on how to exercise your right to Equifax's Credit Watch Gold or equivalent service for free for eighteen (18) months.

More details on all of the settlement benefits are set forth in the Settlement Agreement, which is available at www.equifaxclassaction.info.

## 8. What am I giving up as part of the settlement?

Unless you opt out of the settlement, you will be giving up all rights and claims under sections 1681i(a)(6)(A) and 1681i(a)(6)(B)(iii) of the FCRA relating to the language of the letter at issue. Class Members shall retain any rights to bring claims for actual damages resulting from any credit disputes, inaccuracies, investigations or reinvestigations performed by Equifax in connection with any alleged public record inaccuracies or other inaccuracies. You can find more information regarding the rights you will be giving up in the Settlement Agreement, which is available at www.equifaxclassaction.info. You may talk to the lawyers representing the Class, listed in paragraph 13 below, for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

# YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class (do nothing right now), ask to be excluded, or object to the settlement. You have until February 25, 2011, to exclude yourself or to object to the settlement.

## 9. How can I get benefits?

If you want to be part of the settlement and receive settlement benefits, you do not need to take any action at this time. If the Court approves the settlement, each Class Member shall be automatically granted the right to Equifax's credit monitoring service called Credit Watch Gold, or an equivalent product provided by Equifax, for free for a period of eighteen (18) months. Class Members will receive written communication from the Claims Administrator providing instructions on how to exercise their right to Equifax's Credit Watch Gold or equivalent service.

## 10. When will I get my benefits?

The Claims Administrator will send you a written notice telling you about how and when you can obtain your benefit within 60 days after the Court grants final approval of the settlement. The Court will decide whether to approve the settlement at a Fairness Hearing scheduled for March 29, 2011 (see paragraph 17 below). Updates will be available on the website, www.equifaxclassaction.info.

## 11. Why would I ask to be excluded?

If you already have a lawsuit against Equifax for similar claims and want to continue with it, you need to ask to be excluded from the Class. If you believe you sustained actual damages in excess of the benefits achieved by the settlement as a result of Equifax's actions, you should consider whether you need to be excluded from the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes

called "opting out" of the Class – you will not get any benefits from this settlement. If you exclude yourself, you will not be legally bound by the settlement in this class action, and you may then be able to sue or continue to sue Equifax on your own.

If you start your own lawsuit against Equifax after you exclude yourself, you may have to hire and pay your own lawyer for that lawsuit and you will have to prove your claims in court. If you do exclude yourself so you can start your own lawsuit against Equifax, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations or other time-sensitive requirements.

## 12.   How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Opt-Out Request" in the form of a letter sent by U.S. Mail, facsimile or e-mail stating that you want to be excluded from *Chakejian v. Equifax*. Instructions on submitting a request to opt out are also on the class action website, www.equifaxclassaction.info. On the website you will also find a copy of a sample letter that you may use as a template to request to be excluded from *Chakejian v. Equifax*. Be sure to include your name, address, and telephone number, and sign the letter. You must mail your Opt-Out Request postmarked or time-stamped by February 25, 2011, to: *Chakejian v. Equifax* Opt-Outs, P.O. Box 2414, Faribault, MN 55021-9114, fax the letter to 1-612-359-2050 or e-mail your request to optout@consumerlawfirm.com.

# THE ATTORNEYS REPRESENTING YOU

## 13.   Do I have an attorney in this case?

The Court has appointed the law firms of Francis & Mailman, P.C., Donovan Searles, LLC, Robert S. Sola, P.C. and Consumer Litigation Associates, P.C. as Class Counsel. The law firm of Francis & Mailman, P.C. has been appointed as Lead Class Counsel and their contact information is as follows:

FRANCIS & MAILMAN, P.C.
James A. Francis
John Soumilas
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
1-215-735-7600
Toll-Free: 1-877-735-8600
www.consumerlawfirm.com

## 14.   Should I get my own attorney?

You do not need to hire your own lawyer because Class Counsel is working on your behalf, but if you want your own lawyer, you may retain one at your own expense. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 15.   How will the lawyers and Class Representatives be paid?

At the Fairness Hearing, Class Counsel will ask the Court for approval of attorneys' fees of $1,075,000. They will also ask for payments of $15,000 for each of the Class Representatives who helped the lawyers on behalf of the whole Class. The Court has not yet made any decision regarding the amounts of attorneys' fees, costs, expenses, and Class Representative payments. The fees, expenses, and awards that the Court orders, plus the costs to administer the settlement, will not reduce the benefits to Class Members.

# OBJECTING TO THE SETTLEMENT

## 16.   How do I tell the Court if I do not like the settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To do so, you must send in a written objection, with your signature verified by a notary public, in the case *Chakejian v. Equifax Information Services LLC*, C.A. No. 07-2211. Be sure to include your full name, address, telephone

number, your signature, your specific objections and the basis for them, confirmation that you are a member of the Class, any legal support you wish to bring to the Court's attention, and any evidence you wish to introduce in support of your objection. Your written notice should indicate whether you or your lawyer intends to appear at the Fairness Hearing to object to the settlement. You must file your objection with the Court and send copies of it to all of the addresses below by February 25, 2011:

| COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| United States District Court<br>Eastern District of Pennsylvania<br>U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | James A. Francis<br>FRANCIS & MAILMAN, P.C.<br>100 S. Broad Street, 19th Floor<br>Philadelphia, PA 19110<br>1-215-735-8600<br>info@consumerlawfirm.com | Barry Goheen<br>KING & SPALDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>1-404-572-4600<br>bgoheen@kslaw.com |

Filing a written objection with the Court is the only permissible way to contact the Court.

**DO NOT CALL THE COURT OR SEND CORRESPONDENCE TO THE JUDGE OR COURT STAFF**

## THE COURT'S FAIRNESS HEARING

### 17.   When and where will the Court decide whether to approve the settlement?

The Court is scheduled to hold a Fairness Hearing at 11:00 a.m. on March 29, 2011, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and should be granted final approval. If there are objections, the Court will consider them. Class Counsel will also ask the Court for approval of their request for attorneys' fees, costs, expenses, and payments to the Class Representatives.

The Fairness Hearing may be moved to a different date, extended, or moved to a different courtroom without additional notice, so it is recommended that you periodically check www.equifaxclassaction.info for updated information.

### 18.   Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

### 19.   May I speak at the Fairness Hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *Chakejian v. Equifax Information Services LLC*, C.A. No. 07-2211. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing and, if you will be represented by a lawyer other than Class Counsel, you must include the name, address, and telephone number of your lawyer. You must send copies of your Notice of Intent to Appear to all of the addresses listed in paragraph 16 above. Your Notice of Intent to Appear must be postmarked no later than February 25, 2011. The Court will decide if you will be allowed to speak at the Fairness Hearing.

## GETTING MORE INFORMATION

### 20.   Are more details available?

Visit the website, www.equifaxclassaction.info, where you will find the court Orders certifying a class, Plaintiffs' Amended Class Action Complaint, the Defendant's Answer to the Complaint, and the Settlement Agreement, as well as information about how to exclude yourself from the Class. You may also speak to one of the attorneys representing the Class by calling 1-877-735-8600 or by e-mailing info@consumerlawfirm.com.

SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC.
PO BOX 2414
FARIBAULT, MN 55021-9114

**IMPORTANT LEGAL NOTICE**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE

**PAID**

Rust Consulting, Inc.