# APPENDIX I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD CHAKEJIAN** | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 07- 2211 |
| v. | ) | |
| | ) | |
| **EQUIFAX INFORMATION SERVICES LLC** | ) | CLASS ACTION |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DECLARATION OF JAMES A. FRANCIS SUBMITTED IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
ON BEHALF OF FRANCIS & MAILMAN, P.C.**

I, James A. Francis, Esquire, declare as follows:

1. I am a founding shareholder of Francis & Mailman, P.C. I submit this declaration in support of my firm's application for an award of attorney's fees and costs in connection with services rendered in this case.

2. My firm acted as Lead Class Counsel for Plaintiffs and the Class in this action. My firm actively participated in all aspects of this litigation. The tasks undertaken or contributed to by my firm can be summarized as follows:

    a. performing the initial case intake for Mr. Chakejian, Mr. Summerfield and Mr. Webb;
    b. designing the theory of liability and selecting the claims for all 3 cases;
    c. drafting, editing and revising the Complaint in the *Chakejian* action;
    d. drafting the Amended Class Action Complaint in *Chakejian* and the Class Action Complaint in *Summerfield*;
    e. drafting, editing and revising all discovery requests and related correspondence;
    f. reviewing, cataloguing and indexing over 3319 pages of document production;
    g. securing the services of expert witness Evan Hendricks and defining the scope of his opinion and testimony;
    h. preparing for and taking the following depositions, some of which required significant travel:

*Chakejian* action

1. Equifax Rule 30(b)(6) witness Alicia Fluellen (Atlanta);
2. Equifax Rule 30(b)(6) witness Shawn DeGrace (Atlanta);
3. Equifax witness Vicki Banks (Atlanta);
4. Choicepoint witness Andy Klaer;

*Summerfield* action

1. Equifax witness Ladeama Mixon (Atlanta);
2. Equifax witness Dianne Coggins (Atlanta);
3. Equifax witness Cynthia Davis (Atlanta);
4. Equifax witness Margaret Leslie (Atlanta);
5. Equifax Rule 30(b)(6) witness Alicia Fluellen;
5. Equifax Rule 30(b)(6) witness Shawn DeGrace (Atlanta);
6. Choicepoint witness Andy Klaer

i. preparing Mr. Chakejian for his deposition and defending the deposition;

j. preparing for and defending the deposition of expert witness Evan Hendricks in both the *Chakejian* and *Summerfield* actions;

k. appearing at and taking the lead with all scheduling and discovery-related conferences before the Court;

l. drafting motions to compel Equifax's insurance agreements and responding to Equifax's motions to compel;

m. drafting, editing and revising Plaintiff *Chakejian's* Motion for Class Certification;

n. drafting, editing and revising Plaintiff's Reply Brief regarding Plaintiff's Motion for Class Certification in *Chakejian*;

o. drafting, editing and revising Plaintiff Summerfield's Motion for Class Certification;

p. drafting, editing and revising Plaintiff's Summerfield's Reply Brief regarding his Motion for Class Certification;

q. performing legal research and drafting, editing and revising Plaintiff *Chakejian's* Response to Defendant's Rule 26(f) challenge in the Third Circuit;

r. performing legal research and drafting, editing and revising Plaintiff *Summerfield's* Response to Defendant's Rule 26(f) challenge in the Third Circuit;

s. performing legal research respond to Equifax's Motion for Summary Judgment in Chakejian;

t. drafting, editing and revising Plaintiff Chakejian's Response in Opposition to Defendant's Motion for Summary Judgment;

u. drafting editing and revising Plaintiff Chakejian's Sur-Reply regarding Equifax's Motion for Summary Judgment;

v. securing co-counsel Robert Sola, Esquire for assistance at trial;
w. securing Leonard Bennett, Esquire as local counsel in the *Webb* action;
x. drafting Plaintiff's Trial brief in *Chakejian*;
y. drafting Plaintiff's Proposed Voir Dire in *Chakejian*;

2

    z. drafting Plaintiff's Proposed Verdict Sheet in *Chakejian*;
    aa. drafting Plaintiff's Points for Charge in *Chakejian*;
    bb. drafting Plaintiff's PreTrial Memorandum in *Chakejian*;
    cc. drafting Plaintiff's motions in *limine*;
    dd. drafting responses to Equifax's motions in *limine*;
    ee. arguing Plaintiff's Response to Equifax's motion for summary judgment;
    ff. working with co-counsel Robert Sola, Esquire to develop theme for trial;
    gg. preparing Mr. Chakejian for examination at trial;
    hh. preparing trial examinations for Ms. Fluellen, Ms. DeGrace, Mr. Klaer and Mr. Hendricks;
    ii. appearing at trial, taking the lead with jury selection;
    jj. handling all settlement negotiations from beginning to end;
    kk. attending two mediations before JAMS and having numerous follow-up telephone conferences with Judge Welsh (ret.) regarding settlement;
    ll. drafting legal correspondence regarding all settlement negotiations and confirmatory discovery;
    mm. conferring with opposing counsel regarding confirmatory discovery;
    nn. preparing, drafting and revising all settlement related documents;
    oo. drafting, editing and revising Plaintiff's Motion for Preliminary Approval and Consolidation of the *Summerfield* and *Webb* actions and all collateral documents;
    pp. drafting, editing and revising the form of class notice regarding the Court's first certification in *Chakejian*;
    qq. drafting editing and revising the form of notice regarding the District of Court's contested certification in *Summerfield*;
    rr. drafting, editing and revising the form of notice of the Settlement Class Action;
    ss. overseeing the design, development, implementation and roll-out of the Class settlement website www.equifaxclassaction.info, and selecting, working with, and coordinating with the website's web developer after both the first certification and notice in *Chakejian* and after preliminary approval;
    tt. drafting, editing and revising this declaration; and
    uu. fielding 422 settlement related calls, questions and inquiries from Class members.

    3. The Schedule of Time Expended attached hereto as Exhibit "A" is a detailed and specific summary indicating the amount of time, by specific work expended, spent by each attorney and paralegal who was involved in this litigation, and the lodestar fee calculation based on my firm's current billing rates. Along with myself, the attorneys who have submitted billable time in this litigation are Mark D. Mailman, John Soumilas, Geoffrey H. Baskerville, Gregory J. Gorski, and Erin A. Novak. Additionally, my firm seeks billable time for the paralegals

referenced below. The Schedule was prepared from contemporaneous time records regularly prepared and maintained by my firm. Time expended which has been considered duplicative or redundant had been eliminated from this lodestar. As each attorney contemporaneously records time according to his own activity descriptions and/or shorthand, there are some variations in the description of an activity and the parties involved in an activity (i.e. sometimes one attorney uses abbreviations for an activity such as "t/c" for telephone call and another does not). Time expended in preparing this application for fees and reimbursement of expenses has been included in this request. Additionally, anticipated time going forward has been estimated and included as well. Consistent with our firm's usual practice, I and the other attorneys of my firm apportioned tasks and assignments to avoid the expenditure of duplicative time and redundant staffing.

4. The hourly rates charged by my firm included in Exhibit "A" are the same as the regular current rates charged to clients who retain the firm.

5. The hourly rate charged by Mr. Mailman and me is $485.00, the hourly rate for Mr. Soumilas is $410.00, the hourly rate for Mr. Baskerville is $410.00, the hourly billable rate for Mr. Gorski is 325.00, the hourly rate for Ms. Novak is $305.00 and the hourly rates for the paralegals who working on the case are referenced below. The rates charged by the attorneys and paralegals of my firm are reasonable and within the range of the appropriate market rates charged by attorneys with comparable experience levels for litigation of a similar nature, given their experience level, practice concentration and background. *See* March 18, 2011 expert report of Abraham Reich, Esquire, Co-Chair and Partner for the law firm of Fox Rothchild, LLP, attached hereto as Exhibit "B".

6. My firm's hourly rates have been approved by other Courts in the past, and while the rates petitioned here are higher to account for 4 years of time with no rate increase, they are

not that dissimilar and commensurate with today's market. *See Serrano v. Sterling Testing Systems, Inc.*, C.A. No. 07-04563 (E.D. Pa. May 7, 2010) (Pratter, J.) (Docket No. 52) (full approval of Francis & Mailman, P.C. fee petition approving rates of $390 per hour); *Mann v. Verizon*, C.A. No. 06-5370 (E.D. Pa. Sept. 26, 2008) (DuBois, J.) (Docket No. 51) (full approval of Francis & Mailman, P.C. fee petition and finding rates to be reasonable) ("So, for all of those reasons, and I approve your hourly rates..."). (*See* Exhibit "C"); *Barel v. Bank of America*, 255 F.R.D. 393, (E.D. Pa. 2009); *Smith v. Grayling Corp.*, 2008 WL 3861286, C.A. No. 07-1905 (E.D. Pa. 2008) (Docket No. 49) (Savage, J.) (full approval of Francis & Mailman, P.C. fee petition); *Nienaber v. Citibank (South Dakota) N.A.*, 2007 WL 2003761, C.A. 04-4054 (D.S.C. July 5, 2007), (finding my hourly rate of $365 reasonable market rate for South Dakota market for the timeframe of 2004 through 2007).

7. The lodestar devoted to the case by Francis & Mailman, P.C. for work performed with respect to this case is as follows:

## CHAKEJIAN V. EQUIFAX

| ATTORNEY | HOURLY RATE | HOURS | FEES |
|---|---|---|---|
| James A. Francis | $485.00 | 460.70 | $223,439.50 |
| Mark D. Mailman | $485.00 | 47.40 | $ 22,989.00 |
| John Soumilas | $410.00 | 951.70 | $390,197.00 |
| Geoffrey Baskerville | $410.00 | 5.50 | $ 2,255.00 |
| Gregory Gorski/ Joanne Park[1] | $325.00 | 10.30 | $ 3,347.50 |
| Erin Novak/ Michael J. Szymborski | $305.00 | 214.00 | $ 65,270.00 |

---

[1] Joanne Park and Michael Szymborski are no longer employed by our firm. Ms. Park's position was replaced by associate Gregory Gorski and Mr. Szymborski's position was replaced by Ms. Novak. All of the attorneys worked on this case during different time periods. Due to billing software archive logistics, several of the entries appearing as Mr. Gorski's relate to work performed by Ms. Park. Likewise, several of the entries appearing as Ms. Novak's relate to work performed by Mr. Szymborski. Since the billing rates are the same, and the lawyers are comparably experienced, this discrepancy has no bearing on the calculation of my firm's lodestar in my view.

| **PARALEGAL** | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| Danielle Spang | $175.00 | 82.60 | $14,455.00 |
| Tina Massa | $150.00 | 24.20 | $ 3,630.00 |
| Krista DellaPolla | $125.00 | 12.10 | $ 1,512.50 |
| Dania Richardson | $150.00 | 1.70 | $   255.00 |
| Hallie Fischer | $125.00 | 12.00 | $ 1,500.00 |
| **TOTAL:** | | **1,822.20** | **$728,850.50** |

## SUMMERFIELD V. EQUIFAX

| **ATTORNEY** | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| James A. Francis | $485.00 | 25.20 | $ 12,222.00 |
| Mark D. Mailman | $485.00 | 16.80 | $  8,148.00 |
| John Soumilas | $410.00 | 401.30 | $164,533.00 |
| Gregory Gorski | $325.00 | 87.30 | $ 28,372.50 |
| Erin Novak | $305.00 | 1.50 | $     457.50 |

| **PARALEGAL** | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| Danielle Spang | $175.00 | 19.80 | $3,465.00 |
| Tina Massa | $150.00 | 2.50 | $  375.00 |
| Dania Richardson | $150.00 | 1.20 | $  180.00 |
| **TOTAL:** | | **555.60** | **$217,753.00** |

## WEBB V. EQUIFAX

| **ATTORNEY** | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| John Soumilas | $410.00 | 2.80 | $1,148.00 |
| Erin Novak | $305.00 | 1.00 | $  305.00 |

| **PARALEGAL** | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| Danielle Spang | $175.00 | 1.70 | $297.50 |
| **TOTAL:** | | **5.50** | **$1,750.50** |
| **GRAND TOTAL:** | | **2,383.30** | **$948,354.00** |

8.   My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9.   As detailed in Exhibit "D," my firm has incurred a total of $54,860.37 in costs and expenses in connection with the prosecution of this litigation.

10.   The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate recordation of the expenses.

11.   With respect to the standing of counsel in this case, attached hereto as Exhibit "E" is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 18th day of March, 2011

/s/ JAMES A. FRANCIS
JAMES A. FRANCIS
Attorney for Plaintiffs Richard Chakejian, Bruce A. Summerfield, Tony Webb and the putative class