# APPENDIX II

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CHAKEJIAN, BRUCE A. SUMMERFIELD and TONY LEE WEBB, <br><br> Plaintiffs, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendant. | C. A. No. 07-2211 <br><br> CLASS ACTION |

DECLARATION OF DAVID A. SEARLES, ESQUIRE
IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES FILED ON BEHALF OF DONOVAN SEARLES, LLC

I, David A. Searles, hereby declare as follows:

1. I am a partner in the law firm of Donovan Searles, LLC. I submit this Declaration in support of Plaintiff's application for an award of attorneys' fees in connection with services rendered by my firm in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm was certified by this Court as Co-Class Counsel in this class action and also by the District of New Jersey in the related class action of *Summerfield v. Equifax Information Services, LLC*, C.A. No. 08-1450 (D.N.J.), and we were involved in all aspects of the two class actions. The tasks undertaken by my firm to date, and expected to be undertaken through the final resolution of this matter, can be summarized as set forth below:

(a) We were contacted by the law firm of Francis & Mailman to assist in both matters, and pursued legal research and an investigation of the plaintiff's respective claims;

(b) We worked on the Amended Class Action Complaint in the *Chakejian* matter and the Complaint filed in *Summerfield*;

(c) We were involved in all aspects of the two cases;

(d) We participated fully in the drafting and preparation of all discovery requests to the Defendant;

(e) We reviewed all documents and other information produced by Defendant in response to discovery;

(f) We met with the plaintiffs and their witnesses, and assisted in preparing them for depositions as class representatives;

(g) We defended the deposition of Plaintiff Bruce Summerfield;

(h) We defended the depositions of Mr. Summerfield's wife and daughter;

(i) We traveled to Atlanta to take the deposition of defense counsel;

(j) We drafted and took overall responsibility for the preparation of the class certification motions in both *Chakejian* and *Summerfield*;

(k) After both cases were certified to proceed as class actions and Defendant sought reconsideration and then interlocutory review by the Court of Appeals, we took the leading role in opposing such petitions, and the Court of Appeals denied interlocutory review in both cases;

(l) We drafted the forms of Notice requested by the Court, and responded to all of Defendant's objections to Notice, in both cases;

(m) We were fully involved in the preparation, research and drafting that went into the summary judgment briefing in the *Chakejian* case;

(n) We worked extensively with co-counsel on Plaintiff's trial brief; motions in limine; proposed voir dire, verdict sheet and points for charge; and, pretrial memorandum;

(o) We participated in drafting the opposition to Defendant's pre-trial filings;

(p) We were involved in all phases of trial preparation, including meeting with Plaintiff to prepare his testimony and general meetings of counsel to prepare for trial;

(q) We attended all meetings with opposing counsel, participated in one of the all-day mediation sessions at JAMS, and participated in all settlement discussions;

(r) We attended conferences with the Court as the case neared the trial date;

(s) We prepared for and attended the trial that commenced on June 8, 2010, including the jury selection, the opening statements and the remainder of the trial proceedings that took place prior to the settlement;

(t) We participated in further settlement negotiations with defense counsel that took place after the settlement in principle was reached in the courtroom;

(u) We worked on drafting, reviewing and revising all settlement agreement papers, including collateral documents such as form Orders and the Notice to the Class;

(v) We worked on the motion to transfer and consolidate the *Summerfield* case from New Jersey;

(w) We worked on the motion for preliminary approval of the consolidated class settlements;

(x) We worked on the motion for final approval of the settlement;

(y) We drafted and compiled supporting documentation for the Plaintiff's motion for fees and costs;

(z) We will appear at the hearing scheduled to consider final approval of the settlement on March 29, 2011; and

(aa) We anticipate we will be spending time following final approval with respect to settlement administration, inquiries from Class members and final payment of benefits due under the settlement.

3. The Schedule of Time Expended attached hereto as Exhibit A is a detailed and specific documentation of the amount of time, by category, spent by each attorney and paralegal of my firm, in connection with the litigation, and the lodestar calculation based on the firm's current billing rates. The Schedule was prepared from contemporaneous time records regularly prepared and maintained by my firm. Time expended in preparing this application for fees and reimbursement of expenses has been included in this request, as well as time anticipated to be necessary with respect to settlement administration following the final approval hearing.

4. The hourly rates for the attorneys and paralegals in my firm included in Exhibit A are the same as the regular current rates charged for their services in other contingent matters and in class action litigation. These or similar rates have been approved and awarded in the cases of *Reibstein v. Rite Aid Corporation,* 2011 WL 192512 (E.D. Pa. Jan. 18, 2011) (Robreno, J.) (approving hourly rate of $650); *McCall v. Drive Financial,* January Term 2006, No. 0005 (C.P. Phila. July 20, 2010) (DiVito, J.) (approving hourly rate of $650); *Serrano v. Sterling Testing Systems, Inc.,* 2010 WL 1924477, *15 (E.D. Pa. May 7, 2010) (Pratter, J.) (approving hourly rate of $650); *In re Sovereign Bancorp Inc. Shareholders Litigation,* Nov. Term 2008, No. 2587 (C.P. Phila. April 16, 2009) (approving hourly rate of $650 for Mr. Searles, and multiplier of 2.8); *McGee v. Continental Tire North America,* 2009 WL 539893, *16-18 (D.N.J. March 4, 2009) (approving hourly rate of $600 and multiplier of 2.6); *Barel v. Bank of America,* 2009 WL

122805, *9 (E.D. Pa. Jan. 16, 2009) (Surrick, J.) (approving hourly rate of $550 and multiplier of 1.35); *Mann v. Verizon Wireless*, C.A. No. 06-5370 (E.D. Pa. Sept. 26, 2008) (DuBois, J.) (approving hourly rate of $550 and awarding multiplier of 2.1); *Smith v. Grayling Corporation*, C.A. No. 07-1905 (E.D. Pa. Sept. 5, 2008) (Savage, J.); *Braun v. Wal-Mart Stores, Inc.*, March Term, 2002, No. 3127 (Phila. C.P. Nov. 14, 2007) (approving requested rate of $550 per hour, awarding multiplier of 3.7); *Samuel-Bassett v. Kia Motors America, Inc.*, January Term, No. 2199 (C.P. Phila. Nov. 14, 2007) (same), *affirmed*, No. 3048 EDA 2005 (Pa. Super. Feb. 8, 2008); *Carroll v. United Compucred Collections, Inc.*, 2008 WL 3001595 (M.D. Tenn. July 31, 2008) (granted hourly rate of $500 for petition filed in July 2006, work performed 2003-06); *Brown v. Fein, Such, Kahn & Shepard, P.C.*, 2006 WL 5518998 (E.D. Pa. July 11, 2006) (approving hourly rate of $500); *Albanese v. Portnoff Law Associates*, C.A. No. 03-5697 (E.D. Pa. Sept. 8, 2005) (Katz, J.); *Perry v. FleetBoston Financial Corp.*, 229 F.R.D. 105, 121 (E.D. Pa. 2005) (Schiller, J.) (awarding 1.5 multiplier in consumer class action); *Bittner v. Trans Union, LLC*, C.A. No. 04-2562 (E.D. Pa. Feb. 10, 2005) (Surrick, J.) (awarding multiplier of lodestar of 1.78); *Flores v. Shapiro & Kreisman*, C.A. No. 01-3280 (E.D. Pa. Jan. 21, 2005) (McLaughlin, J.); *Stoner v. CBA Information Services*, 352 F.Supp.2d 549 (E.D. Pa. 2005) (33% of settlement fund awarded as reasonable fee, resulting in 1.67 multiplier of lodestar); *Orloff v. Syndicated Office Systems, Inc.*, 2004 WL 870691, *7 (E.D. Pa. April 22, 2004); *Piper v. Portnoff Law Associates*, C.A. No. 03-2046 (E.D. Pa. Jan. 7, 2004); *Wells v. Coldata, Inc.*, C.A. No. 02-6609 (E.D. Pa. Nov. 20, 2003) (Brody, J.); *Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003) (Yohn, J.); *Muse v. Dymacol, Inc.*, 2003 WL 22794698 (E.D. Pa. Nov. 7, 2003) (Savage, J.); *Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003) (Tucker, J.); *Bonett v. Education Debt Services, Inc.*, 2003 WL 2158267 (E.D. Pa.

May 9, 2003) (Davis, J.); *Oslan v. Law Offices of Mitchell N. Kay*, 232 F.Supp.2d 436 (E.D. Pa. 2002) (Katz, J.); *Oslan v. Collection Bureau Hudson Valley*, C.A. No. 01-2173 (E.D. Pa. July 26, 2002); *Saunders v. Berks Credit and Collections, Inc.*, 2002 WL 1497374, *15 (E.D. Pa. July 11, 2002) (awarding counsel lodestar at requested rates, finding said rates "fair and reasonable in light of [counsel's] education, experience and prior awards, and commensurate with the prevailing hourly billing rates of similarly-experienced class action litigators in this area") (DuBois, J.).

5. The lodestar of Donovan Searles, LLC for work performed with respect to this case to date, including estimates of time to be spent following approval of the settlement, is as follows:

| Attorney | Hourly Rate | Hours | Fees |
| --- | --- | --- | --- |
| David A. Searles | $650.00 | 378.6 | $246,090.00 |
| Michael D. Donovan | $700.00 | 5.5 | $3,850.00 |
| Paralegal / Law Clerk | | | |
| Elise Garber | $225.00 | 32.7 | $7,357.50 |
| Andrew Milz | $225.00 | .3 | $67.50 |
| Christian Koerner | $175.00 | 28.8 | $5,040.00 |
| **Total Fees** | | **445.90** | **$262,405.00** |

6. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates. As detailed in Exhibit B attached hereto, my firm has incurred expenses in the amount of $7,433.95 in the *Chakejian* case, and $3,823.89 in the

*Summerfield* case, for a total of **$11,257.84** in unreimbursed expenses in connection with the prosecution of this multi-state class action litigation.

7. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate recordation of the expenses.

8. Attached hereto as Exhibit C is a brief biography of my firm setting forth a summary of the experience and qualifications of the attorneys in my firm who were principally involved in this litigation.

9. Attached hereto as Exhibit D is a series of certifications from attorneys with nationwide practices, located in Pennsylvania, attesting to the reasonableness of the hourly rates recently requested by my firm in other cases. These certifications have been submitted recently in support of fee petitions in cases in the Eastern District of Pennsylvania and in the Court of Common Pleas for Philadelphia County. My hourly rate, which had been at the same level for several years, has been increased since the dates of the certifications.

10. Attached hereto as Exhibit E is a copy of the National Law Journal's December 10, 2007 national survey of law firm billing rates. My firm's requested rates fall within the ranges of hourly rates set forth in the three year old survey.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: March 17, 2011  
Philadelphia, Pennsylvania

*s/ David A. Searles*  
David A. Searles