# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED A. JORDAN )<br>on behalf of himself and all )<br>others similarly situated, )<br>               Plaintiff, )<br>       vs. )<br>                   )<br>COMMONWEALTH FINANCIAL )<br>SYSTEMS, INC. , et al )<br>         Defendants. )<br>                    ) | C. A. No.  05-5789<br><br>Class Action |

## CERTIFICATION OF IRA NEIL  RICHARDS

I, Ira Neil Richards, hereby certify as follows:

1.     I am a member of the firm of Trujillo Rodriguez & Richards, LLC (the "Firm"), a 6 attorney law firm with offices located in Philadelphia, Pennsylvania and Haddonfield, New Jersey.  I have been a member of the Firm since its inception in April 1997.  I make this Certification upon personal knowledge.

2.     I am a member in good standing of the bars of the Commonwealth of Pennsylvania and the State of New York, and am admitted to practice before this Court.

3.     The Firm represents both plaintiffs and defendants in individual, multi-party, and class action litigation, primarily in the areas of investor, antitrust, consumer, and complex commercial litigation.  The Firm's practice is nationwide in scope, and members of the Firm are presently involved in litigating cases in, among other states, Pennsylvania, New Jersey, and California.

4.     The Firm sets its hourly rates to be consistent with the national market for legal services in similar primarily contingent practices.

5.    The standard hourly rates that I charge, as an attorney admitted to practice in 1986, for complex investor, antitrust, consumer, and other class action litigation is $600.00 per hour.  The standard hourly rates for other attorneys in the Firm range from $305.00 per hour, for an associate admitted to practice in 2002, to $600.00, for a member admitted to practice in 1987.

6.    I am submitting this Declaration in support of the fee application of Donovan Searles, LLC.  Based on my extensive work in the Philadelphia market place and my experience with many class action counsel fee petitions, I am familiar with the rates charged by much contingent fee counsel for class action litigation, including for consumer fraud class actions.  In addition, I am generally familiar with awards made by federal and state trial judges for attorney fees in class action litigation and have an understanding of the hourly rates that courts have considered in assessing fee awards in class action litigation in general.

7.    I understand the hourly rate that attorney David A. Searles, Esquire is charging in this matter is $550.00 per hour.  Based on my experience, I believe the hourly rate charged by Mr. Searles in this matter is appropriate and reasonable, and that is consistent with, and well within the range of, rates other class action attorneys of similar experience and standing have submitted to courts in connection with fee petitions that courts have approved.  In my experience, absent contingent fees and the foregoing hourly rates, plaintiffs in such consumer cases would have difficulty obtaining counsel to handle their consumer litigation.

Executed this 5th day of May 2008, in Philadelphia, Pennsylvania.

_____
Ira Neil Richards
TRUJILLO RODRIGUEZ & RICHARDS, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED A. JORDAN ) | |
| on behalf of himself and all ) | |
| others similarly situated, ) | C. A. No.  05-5789 |
|         Plaintiff, ) | |
|     vs. ) | |
| ) | Class Action |
| COMMONWEALTH FINANCIAL ) | |
| SYSTEMS, INC. , et al ) | |
|       Defendants. ) | |

## CERTIFICATION OF JONATHAN SHUB

I, Jonathan Shub, hereby certify as follows:

1.       I am a partner in the firm of Seeger Weiss (the "Firm"), a twenty-two attorney law firm with offices located in New York, NY, Newark, NJ and Philadelphia, PA.  I have been a member of the Firm since 2006.  I make this Certification upon personal knowledge.

2.       I am a member in good standing of the bars of the Supreme Courts of Pennsylvania and California, and am admitted to practice before this Court.

3.       The Firm represents both plaintiffs and defendants in individual, multi-party, and class action litigation, primarily in the areas of consumer, investor, antitrust, and complex commercial litigation.  The Firm's practice is nationwide in scope, and members of the Firm are presently litigating cases throughout the country.

4.       The Firm sets its hourly rates in conformance with the national market for legal services in similar primarily contingent practices.

5.       The standard hourly rates that I charge, as an attorney admitted to practice in 1988, for complex consumer, investor, and antitrust class action litigation is $495.00 per hour.

6.       I am submitting this Declaration in support of the fee application of Donovan

Searles, LLC.   Based on my extensive work in the Philadelphia market place and my experience with many consumer counsel fee petitions, I am familiar with the market rates charged by contingent fee counsel for consumer fraud and consumer credit litigation.  In addition, I have become familiar with the awards made by federal and state trial judges for attorney fees in class action and consumer litigation, and have a good understanding of the hourly rates they consider appropriate for consumer litigation in general.

7.     The hourly rate attorney David A. Searles, Esquire is charging in this matter is $550.00 per hour.  Based on my experience and expertise, and upon review of the certifications submitted by counsel, I believe the hourly rate charged by Mr. Searles in this matter is appropriate and reasonable.  As an experienced consumer rights and class action litigator, I am familiar with the contingency fee and hourly rates typically charged by attorneys in consumer matters generally and in class actions in particular.  Based on my familiarity with the market for legal services in connection with widespread consumer problems involving relatively small individual damages, it is my belief that the hourly rates charged by attorney Searles and his firm are reasonable and appropriate in this matter.  In my experience, absent contingent fees and the foregoing hourly rates, plaintiffs in such consumer cases would have difficulty obtaining counsel to handle their consumer litigation.  In addition, the rates charged by Mr. Searles' firm are consistent with those charged by other contingent fee firms concentrating in consumer litigation, and fit well within the range for consumer cases. ·

8.     Also, the hourly rate charged by attorney Searles is reasonable and appropriate in light of Mr. Searles' expertise in consumer litigation.  I am aware that in September 2007, Mr. Searles co-counseled a bench trial to verdict in a Pennsylvania statewide consumer class action against a real estate tax collection law firm and its owner for their improper collection of

attorneys' fees, charges and interest.   After a ten day trial, the Court returned a verdict for the

Class in the amount of $5.2 million.   *See Roethlein v. Portnoff Law Associates and Michelle R.*

*Portnoff, Esq.*, Nov. Term 2002, No. 3888 (C.P. Phila. March 11, 2008).

9.      I note further that Mr. Searles has argued before the United States Supreme Court

and also before the Court of Appeals for the Third Circuit in eight cases.   He is the Managing

Editor of the SURVEY OF STATE CLASS ACTION LAW (ABA Section on Litigation, 2007), and a

contributing author of PENNSYLVANIA CONSUMER LAW (2007).   Mr. Searles is well-known and

well-regarded in the Philadelphia metropolitan market and elsewhere as an expert in consumer

law and consumer litigation.   Thus, his hourly rate quite properly reflects his expertise in the

legal principles that were at issue in this case.

Executed this 6th day of May, 2008, in Philadelphia, Pennsylvania.

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA  19102
(215) 564-2300

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| BEVERLY ROETHLEIN and ROBERT ALBANESE, on behalf of themselves and all others similarly situated         Plaintiffs | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| and | NOVEMBER TERM, 2002 |
| JERRY KONIDARIS and THEODORA G. KONIDARIS     Intervenor Plaintiffs | NO. 3888 |
| vs. | CLASS ACTION |
| PORTNOFF LAW ASSOCIATES, LTD., et al     Defendants. | |

## CERTIFICATION OF CARY L. FLITTER

I, CARY L. FLITTER, certify the following to be true and correct:

1.    I am an attorney and shareholder in Lundy, Flitter, Beldecos & Berger, P.C. with its principal office located in Narberth, PA. The principal focus of my practice is commercial litigation with emphasis on class actions and consumer credit litigation.

2.    I have been admitted to the bar for 27 years (1981).

3.    I have been admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States Supreme Court and a number of other courts.

4.    In addition to my 27 years of experience in commercial and class litigation, I have considerable insight into matters of attorney's fees through authorship of articles on the law of

1

statutory attorney's fees for the treatise *Pennsylvania Consumer Law* by Carter, Geo. Bisel Publishing Co., 2003, Supp. 2007. I have also presented a number of continuing legal education programs for the Bar, with members of the bench, concerning statutory attorney's fees.

5.      I serve on the adjunct faculty at Widener University School of Law where I teach consumer finance litigation and identity theft, including the law of statutory attorney's fees. I have served on that faculty since 1999.

6.      I have guest lectured on consumer law topics at Harvard Law School (March 2007), Temple University School of Law (2002-2006), and University of Houston School of Law (May, 2008).

7.      I have been privileged to present at dozens of lectures throughout the United States over the last fifteen years on a variety of topics related to consumer credit litigation, consumer class action and related topics, including several presentations on the law of statutory attorneys fees. These presentations were for providers including the Pennsylvania Bar Institute, ALI-ABA, various law schools, the National Consumer Law Center, the Philadelphia Bar Association, the Montgomery (County) Bar Association and others.

8.      I am contributing author to *Pennsylvania Consumer Law* by Carolyn Carter, Bisel Publishing Co., 2003, Supp. 2007. I assist with several chapters and take lead in the chapter on Statutory Attorney Fees in Pennsylvania. This is the leading legal treatise in Pennsylvania on consumer law issues. I have also been a contributor to Consumer Class Actions, 5th Ed. published by the National Consumer Law Center in Boston, MA.

9.      In connection with research and writing and in the litigation of attorney fee petitions, I have become closely familiar with attorney billing rates for consumer class actions in Philadelphia as well as in the Eastern District of Pennsylvania. I am also familiar with the

2

National Law Journal Annual Survey of Law Firm Billing Rates, last published December 2007 including the rates set for many Philadelphia area firms.

10.    I am submitting this Certification in support of the fee application of Donovan Searles, LLC. Based on my extensive work in the Eastern District of Pennsylvania situated in Philadelphia and as well as the Philadelphia Court of Common Pleas, I am familiar with market rates charged by contingent fee and non-contingent fee counsel for commercial and consumer credit litigation. In addition, I have become familiar with the awards made by Judges for attorney's fees in class action consumer litigation and have a sound understanding of the hourly rates charged and considered appropriate for consumer class litigation.

11.    The hourly rate being sought by attorney David A. Searles, Esquire is $550.00 per hour. Based on my experience and expertise in matters of statutory attorney's fees and the local marketplace, and upon a review of counsel's qualifications, I believe the hourly rate charged by Mr. Searles in this matter is a fair, reasonable and appropriate market rate.

12.    I base this view upon a close review of Mr. Searles' credentials. I understand that Mr. Searles was admitted to the Pennsylvania bar in 1976, after his graduation from the American University Law College in Washington, DC where he served on the Law Review. I know that Mr. Searles has a series of successful consumer cases before the Federal Courts including the Court of Appeals for the Third Circuit, and has argued before the U.S. Supreme Court. Mr. Searles is a managing editor of the *Survey of State Law Class Action*, a fellow contributing author to *Pennsylvania Consumer Law* and a contributing author to a number of other publications and Law Reviews.

13.    Based on my familiarity with the market for legal services in connection with widespread consumer problems involving relatively modest individual damages, it is my view

3

that the hourly rates charged by Mr. Searles and his firm are reasonable and appropriate. Absent contingent fees and the foregoing hourly rates, Plaintiffs in consumer cases would have difficulty obtaining counsel to handle consumer litigation. The rates charged by Mr. Searles and his firm are consistent with those charged by other contingent fee firms concentrating in consumer litigation and fits amply within the range for consumer class cases in this judicial district.

14.    Although the hourly rates sought by Mr. Searles is not tied directly to the recovery, I understand that this case, after over 5 years of litigation, yielded a $5.2 million dollar class verdict against the Defendant in connection with the charging and assessing of fees, interest, and penalties to Pennsylvania consumers. This is plainly a highly successful result in the case. Degree of success, of course, is one of the factors to be considered in setting an appropriate attorneys' fee.

**As to Bernard S. Rubb, Esquire**

15.    I am also acquainted with Mr. Rubb's credentials. I understand that he has been admitted to the bar for some 33 years since his graduation from Duquesne Law School in 1975.

16.    Mr. Rubb is an experienced commercial litigator handling individual as well as class action cases throughout the Commonwealth of Pennsylvania.

17.    I understand that Mr. Rubb has significant experience in consumer class actions including those involving refunds of overcharges to consumers. Mr. Rubb has been appointed class counsel in numerous cases in state and federal court and has extensive experience in the mortgage lending area. Mr. Rubb has represented commercial lending institutions as well as consumers. Mr. Rubb is admitted to the United States Supreme Court, the Supreme Court of Pennsylvania, the United States Court of Appeals for the Third Circuit and other Courts.

4

18.     Mr. Rubb was co-counsel in the above case which tried in the Court of Common Pleas of Philadelphia County.

19.     I understand that Mr. Rubb's billing rate in this matter is $550.00 per hour.

20.     Based upon my own experience and expertise as set forth above, I opine that $550.00 per hour is a fair and reasonable market rate for an individual of Mr. Rubb's experience and credentials.  I base this upon a close review of Mr. Rubb's credentials as set forth above.

21.     Based upon my familiarity with the market for legal services in connection with widespread consumer problems involving relatively modest individual damages, it is my view that the hourly rates charged by Mr. Rubb are reasonable and appropriate.  Absent contingent fees and the foregoing hourly rates, Plaintiffs in consumer cases would have difficulty obtaining counsel to handle consumer litigation.  The rates charged by Mr. Rubb are consistent with those charged by other contingent fee law firms concentrating in consumer litigation and class action and are amply within the range for consumer class actions in this judicial district.

22.     As with Mr. Searles, although the rates sought by Mr. Rubb is not tied directly to the recovery, I understand that this case, after more than five years of litigation in which Mr. Rubb was co-counsel with Mr. Searles, yielded a $5.2 million dollar class verdict against the Defendant in connection with the charging and assessing of fees, interest and penalties to Pennsylvania consumers.  This is plainly a highly successful result in this case.  The degree of success is of course one of the factors that Pennsylvania Courts look to in setting an appropriate attorney's fee.

5

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| BEVERLY ROETHLEIN and ROBERT ALBANESE, on behalf of themselves and all others similarly situated　　Plaintiffs | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| and | NOVEMBER TERM, 2002 |
| JERRY KONIDARIS and THEODORA G. KONIDARIS | NO. 3888 |
| Intervenor Plaintiffs | |
| vs. | CLASS ACTION |
| PORTNOFF LAW ASSOCIATES, LTD., et al | |
| Defendants. | |

## CERTIFICATION OF JONATHAN SHUB

I, Jonathan Shub, hereby certify as follows:

1.　　I am a partner in the firm of Seeger Weiss (the "Firm"), a twenty-two attorney law firm with offices located in New York, NY, Newark, NJ and Philadelphia, PA. I have been a member of the Firm since 2006. I make this Certification upon personal knowledge.

2.　　I am a member in good standing of the bars of the Supreme Courts of Pennsylvania and California, and am admitted to practice before this Court.

3.　　The Firm represents both plaintiffs and defendants in individual, multi-party, and class action litigation, primarily in the areas of consumer, investor, antitrust, and complex

commercial litigation. The Firm's practice is nationwide in scope, and members of the Firm are presently litigating cases throughout the country.

4.      The Firm sets its hourly rates in conformance with the national market for legal services in similar primarily contingent practices.

5.      I have been certified as Class Counsel in many cases involving complex consumer, investor, and antitrust class action litigation.

6.      I am submitting this Declaration in support of the fee application of Bernard S. Rubb, Esquire. Based on my extensive work in the Philadelphia market place and my experience with many consumer counsel fee petitions, I am familiar with the market rates charged by contingent fee counsel for consumer fraud and consumer credit litigation. In addition, I have become familiar with the awards made by federal and state trial judges for attorney fees in class action and consumer litigation, and have a good understanding of the hourly rates they consider appropriate for consumer litigation in general.

7.      The hourly rate attorney Bernard S. Rubb, Esquire is charging in this matter is $550.00 per hour. Based on my experience and expertise, and upon review of the certifications submitted by counsel, I believe the hourly rate charged by Mr. Rubb in this matter is appropriate and reasonable. As an experienced consumer rights and class action litigator, I am familiar with the contingency fee and hourly rates typically charged by attorneys in consumer matters generally and in class actions in particular. Based on my familiarity with the market for legal services in connection with widespread consumer problems involving relatively small individual damages, it is my belief that the hourly rates charged by attorney Rubb are reasonable and appropriate in this matter. In my experience, absent contingent fees and the foregoing hourly rates, plaintiffs in such consumer cases would have difficulty obtaining counsel to handle their

11.     Also, the hourly rate charged by attorney Searles is reasonable and appropriate in light of Mr. Searles' expertise in consumer litigation.  I am aware that Mr. Searles has argued before the United States Supreme Court and also before the Court of Appeals for the Third Circuit in eight cases.  He is the Managing Editor of the SURVEY OF STATE CLASS ACTION LAW (ABA Section on Litigation, 2008), and a contributing author of PENNSYLVANIA CONSUMER LAW (2008).  Mr. Searles is well-known and well-regarded in the Philadelphia metropolitan market and elsewhere as an expert in consumer law and consumer litigation.  Thus, his hourly rate quite properly reflects his expertise in the legal principles that were at issue in this case.

12.     As to both counsel, absent such a rate, a plaintiff might have serious difficulty obtaining the experienced counsel necessary to try a case to verdict, like the case that is currently before this Court.

Executed this _21_ day of July, 2008, in Philadelphia, Pennsylvania.

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA  19102
(215) 564-2300

4

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| BEVERLY ROETHLEIN and ROBERT ALBANESE, on behalf of themselves and all others similarly situated       Plaintiffs | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |

BEVERLY ROETHLEIN and
ROBERT ALBANESE,
on behalf of themselves and all others
similarly situated
        Plaintiffs
:
:
:
:
:
COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY

    and
:
:
NOVEMBER TERM, 2002

JERRY KONIDARIS and THEODORA
G. KONIDARIS
:
:
:
NO. 3888

    Intervenor Plaintiffs
:
:

    vs.
:
:
CLASS ACTION

PORTNOFF LAW ASSOCIATES, LTD.,
et al
:
:
:

    Defendants.
:
:

---

## CERTIFICATION OF IRA NEIL RICHARDS

I, Ira Neil Richards, hereby certify as follows:

1.    I am a member of the firm of Trujillo Rodriguez & Richards, LLC (the "Firm"), a 6 attorney law firm with offices located in Philadelphia, Pennsylvania and Haddonfield, New Jersey. I have been a member of the Firm since its inception in April 1997. I make this Certification upon personal knowledge.

2.    I am a member in good standing of the bars of the Commonwealth of Pennsylvania and the State of New York, and am admitted to practice before this Court.

3.    The Firm represents both plaintiffs and defendants in individual, multi-party, and class action litigation, primarily in the areas of investor, antitrust, consumer, and complex

1

commercial litigation. The Firm's practice is nationwide in scope, and members of the Firm are presently involved in litigating cases in, among other states, Pennsylvania, New Jersey, and California.

4.   The Firm sets its hourly rates to be consistent with the national market for legal services in similar primarily complex contingent practices.

5.   The standard hourly rates that I charge, as an attorney admitted to practice in 1986, for complex consumer, investor, antitrust, and other class action litigation is $600.00 per hour. The standard hourly rates for other attorneys in the Firm range from $305.00 per hour, for an associate admitted to practice in 2002, to $600.00, for a member admitted to practice in 1987.

6.   I am submitting this Declaration in support of the fee application of Donovan Searles, LLC. Based on my extensive work in the Philadelphia market place and my experience with many complex class action counsel fee petitions, I am familiar with the market rates charged by counsel for contingent fee complex class action litigation. In addition, I have become familiar with the awards made by federal and state trial judges for attorney fees in class action litigation, and have an understanding of the hourly rates courts have considered in awarding fees in complex contingent class action litigation.

7.   The hourly rate that attorney David A. Searles is charging in this matter is $550.00 per hour. Based on my experience, I believe the hourly rate charged by counsel in this matter is appropriate and reasonable. As an experienced class action litigator, I am familiar with the contingency fee and hourly rates typically charged by attorneys in contingent fee class actions. Based on my familiarity with the market for contingent class action legal services in connection with widespread legal problems involving relatively small individual damages, it is my belief that the hourly rate charged by attorney Searles is reasonable and appropriate in this

matter.    In addition, the rate charged by Mr. Searles is consistent with those charged by other

contingent fee firms concentrating in class action litigation, and fits well within the range for

such cases.

Executed this 21st day of July 2008, in Philadelphia, Pennsylvania.

Ira Neil Richards
TRUJILLO RODRIGUEZ & RICHARDS, LLC
1717 Arch Street
Suite 3838
Philadelphia, PA 19103
(215) 731-9004
(215) 731-9044 Fax

3

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| SHAMELL SAMUEL-BASSETT on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) | JANUARY TERM 2001 |
| v. | ) ) ) | NO. 2199 |
| KIA MOTORS AMERICA, INC., | ) ) | CLASS ACTION |
| Defendant. | ) | |

### CERTIFICATION OF ROBIN SWITZENBAUM, ESQUIRE

I, Robin Switzenbaum, Esquire, hereby certify as follows:

1.      I am a shareholder in the firm of Berger & Montague, P.C., a firm with 63 attorneys and offices located in Philadelphia, Pennsylvania. I have been a shareholder of the firm since 2003. I make this Certification upon personal knowledge.

2.      I am admitted to practice in Pennsylvania (1985), New Jersey (1986), Florida (1990) and California (1991), and am a member of the bar in this Court.

3.      My practice includes the representation of plaintiffs in individual and class action litigation primarily in the areas of securities law violations. I was part of the securities litigation teams in *In re Rite Aid Corp. Securities Litigation*, 99 CV 1349; MDL No. 1260 (Dalzell) (E.D. Pa. 2001), *In re Sunbeam Securities Litigation*, 98-8258-Civ-Middlebrooks, and served as one of the co-lead counsel in *In re ShopKo Securities Litigation*, Case No. 01-C-1034 (Adelman) (E.D. Wisc.). I am currently serving as co-lead counsel in a state court case regarding the proposed buy-out of ShopKo Stores, Inc. by management. In an action brought in this court, *Korman v. InKine Pharmaceutical*, No. 04341, March Term 2004 (Pa. C.C.P.) (Abramson), I represented a

class of shareholders of a publicly-traded common stock who were denied their preemptive rights.

4.   My firm represented a litigation trustee in two cases involving Sunterra Corporation, in which Attorney Michael Donovan and his firm were co-lead counsel in a related securities class action, *In re Sunterra Corporation Sec. Litig.*, No. 6:00-CV-79-Orl-28B (M.D. Fla.), I am familiar with his hourly rate and his level of experience in complex litigation matters.

5.   I have interviewed Attorney Michael Donovan about the nature of this case and the result obtained after a two-week jury trial before this Court.  I am aware that this case was certified as a class action both by this Court and by the United States District Court for the Eastern District of Pennsylvania.

6.   I am submitting this Certification in support of Donovan & Searles' fee application.

7.   I prepared a declaration for this court in the *InKine* proceeding in support of an award of plaintiff's counsel fees in which the partners of Berger & Montague, P.C. submitted hourly wages ranging from $475 per hour to $590 per hour.  I represented therein that rates in this range are in keeping with rates and firms of this caliber in this area of practice.  This rate range has been accepted by numerous courts, which have in fact awarded counsel multipliers on their time.  *See, e.g., In re Rite Aid Sec. Litig.*, 362 F. Supp.2d 587 (E.D. Pa. 2005) (confirming 25% fee at 6.96 multiplier on recovery of $126.5 million); *InKine* (order dated June 14, 2005 attached hereto) (confirming 20% fee at 7.81 multiplier on recovery of $9 million).

8.   Based on this familiarity with hourly rates in this market for partners in class action firms, it is my belief that an hourly rate of $520 for Michael Donovan and $500 for David

Searles is appropriate in this case.  Absent such a fee, a plaintiff might have difficulty obtaining

counsel in this market for a class action on a contingent fee basis such as the one tried by Messrs

Donovan, Francis and Feldman before this Court.

I certify under penalty of perjury that the foregoing is true and correct.

Date:   June 30, 2005

_Robin Switzenbaum_
Robin Switzenbaum

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

| | | |
|---|---|---|
| BERNARD KORMAN | : | |
| Plaintiff, for himself and all others similarly situated, | : : | TRIAL DIVISION |
| v. | : | |
| INKINE PHARMACEUTICAL COMPANY, INC. | : : | MARCH TERM, 2004 |
| Defendant. | : | NO. 04341 |

## ORDER APPROVING COUNSEL FEES, EXPENSES AND INCENTIVE PAYMENT TO REPRESENTATIVE PLAINTIFF

AND NOW, this 14th day of June, 2005, pursuant to and in accordance with Pennsylvania Rules of Civil Procedure 1716, and having considered all papers filed and proceedings held in connection with said Motion, notice having been duly given in accordance with the Court's Preliminary Approval Order, a hearing having been held on June 14, 2005, any objections having been considered, the Court hereby ORDERS as follows:

1.   Plaintiff's Counsel has moved the Court for an award of attorneys' fees in the amount of 20% of the Settlement Fund, plus interest, and expenses in the amount of $22,350.07. The Court independently and carefully reviewed Plaintiff's Counsel's motion for an award of fee, the supporting memorandum of law, declaration and all exhibits thereto. The Court hereby awards Plaintiff's counsel attorneys' fees in the amount of $ 1.8 million, plus interest and reimbursement of costs and other expenses in the amount of $ 22,350. The Court finds that such an award is justified under any of the tests applied by Pennsylvania courts to determine the appropriateness of an attorneys' fee award, i.e., Pennsylvania Rules of Civil Procedure 1716 and

the percentage of recovery method, applying a lodestar multiplier cross-check.

  2. Notice was given that an incentive award of $20,000 would be sought for the named plaintiff. The Court has not received any objection to an award of such incentive fee to the named plaintiff. Accordingly, Plaintiff Bernard Korman is awarded an incentive award in the amount of $20,000, which shall be paid from the Settlement Fund. The Court finds that such an award is justified under the standards set forth in Milkman v. Am. Travelers Life Ins. Co., 61 Pa. D.&C. 4th 502, 2002 Pa. D.&C. LEXIS 135 (C.P. Phila. Co. March 28, 2002). Furthermore, the Court finds that an award of such an incentive fee will not negatively impact the benefits received by Settlement Class members.

IT IS SO ORDERED.

     BY THE COURT:

     _____
     Hon. Howland Abramson, J.

395223_03.wpd

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| SHAMELL SAMUEL-BASSETT<br>on behalf of herself and all<br>others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

JANUARY TERM 2001

NO. 2199

CLASS ACTION

<u>CERTIFICATION OF MICHAEL J. BONI, ESQUIRE</u>

I, Michael J. Boni, Esquire, hereby certify as follows:

1.　　I am a member of the firm of Kohn, Swift, & Graf, P.C., an 18 attorney firm located in Philadelphia, Pennsylvania.  I have been a member of the firm since 1996.  I make this Certification upon personal knowledge.

2.　　I submit this Certification in support of class counsel's fee application.

3.　　I was admitted to practice in Pennsylvania in 1988 and am a member of the bar of this Court.

4.　　My practice includes the representation of plaintiffs in individual and class action litigation, primarily in the areas of consumer protection and antitrust litigation.  I have served as lead or co-lead counsel for the plaintiff class in the following consumer class actions:  *Miller v. Pep Boys, Inc., et al.*, No. 0201-41489 (C.C.P. Phila. Cy.); *Winigrad v. Franklin Electronics* (Superior Ct. N.J.); *Pacillo v. Philips Electronics* (Superior Ct., Camden Cy., N.J.); *Mikhail, et al. v. Toshiba America Information Systems, Inc.*, No. BC 278163 (Superior Ct., Los Angeles

6267_1

Cy., Cal.); *True Communication v. Gator Corp.*, No. CIV 430620 (Sup. Ct., San Mateo Cy., Cal.); *Pilkington, et al. v. U.S.Search.com*, No. BC 234858 (Superior Ct., Los Angeles Cy., Cal.); *In re Rio Hair Naturalizer Products Liability Litigation*, MDL No. 1055 (E.D. Mich.).

      5.    In addition, I have served as lead counsel, co-lead counsel or executive committee member for the plaintiff classes in the following antitrust, copyright and securities class actions: *In re Literary Works in Electronic Databases Copyright Litigation*, MDL No. 1379 (S.D.N.Y.); *In re Pillar Point Partners Antitrust & Patent Litigation*, MDL No. 1202 (D. Ariz.); *In re Relafen Antitrust Litigation*, Master File No. 01-12239 (D. Mass.); *In re Disposable Contact Lens Antitrust Litigation*, MDL Docket No. 1030 (M.D. Fla.); *Schwab v. America Online, Inc.*, No. 96 CH 13732 (Cook County, Ill.); *In re: Intelligent Electronics, Inc. Securities Litigation*, Master File No. 92-CV-1905 (E.D. Pa.); *In re Lockheed Securities Litigation*, Master File No. CV89-6745-TJH(Bx) (C.D. Ca.); *In re Orion Securities Litigation*, Civil Action No. 91-3304 DT (JRx) (E.D.N.Y.); *In re Budd Pension Plan Litigation*, Master File No. 91-4082 (E.D. Pa.); *In re: Toys "R" Us Antitrust Litigation*, MDL No. 1211 (E.D.N.Y.); *In re AMC Shareholder Derivative Litigation*, No. 12855 (Del. Chancery Ct.).

      6.    I have spoken with Michael Donovan about the nature of the present case and the result obtained after a two-week jury trial before this Court. I am aware that this case was certified as a class action both by this Court and by the United States District Court for the Eastern District of Pennsylvania.

      7.    In every one of the cases listed above, I represented the plaintiff classes on a contingency fee basis. Those cases were litigated in Philadelphia, Southern New Jersey, and around the country. In every one those cases the fee applications were jointly submitted by all of the firms representing the plaintiff class, and submitted with those applications were the firms'

individual fee affidavits, which contained the hourly billing rates of the attorneys working on the case. Based on my familiarity with the hourly billing rates of attorneys of all levels of experience in this and other legal markets nationwide, it is my perception that an hourly rate of $520 for Michael Donovan and $500 for David Searles, given their level of experience and skill, is appropriate in this case. I know Messrs. Donavan and Searles to be highly experienced and effective consumer class action counsel in Philadelphia.

8.      In addition, I believe that if class action counsel of the level of experience and efficacy as Messrs. Donovan and Searles were not awarded fees that reflected their current billing rates, a plaintiff might have difficulty obtaining such counsel in this market for a class action such as the one tried by Messrs Donovan, Francis and Feldman before this Court.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of June, 2005 in Philadelphia, Pennsylvania.


_____
Michael J. Boni

6267_1

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

SHAMELL SAMUEL-BASSETT )
on behalf of herself and all )
others similarly situated, )
)
            Plaintiff, )    JANUARY TERM 2001
)
            v. )    NO. 2199
)
KIA MOTORS AMERICA, INC., )
)    CLASS ACTION
           Defendant. )

## CERTIFICATION OF ROBERT S. KITCHENOFF, ESQUIRE

I, Robert S. Kitchenoff, Esquire, hereby certify as follows:

1. I am a member of the firm of Weinstein Kitchenoff & Asher LLC, a six (6) attorney law firm with offices located in Philadelphia, Pennsylvania. I have been a member of the firm since its inception in 1995.

2. I was admitted to the bar of the Commonwealth of Pennsylvania in 1986.

3. I make this Certification upon personal knowledge

4. The bulk of my practice includes the representation of plaintiffs in individual, multi-party, and class action litigation, primarily in the areas of consumer protection and antitrust litigation.

5. For example, I am currently lead counsel in a nationwide class action against Wachovia Corporation and Wachovia Mortgage Corporation, styled *Keller v. First Union Corporation,* Docket No. UNN-L-3740-01 (Union County, NJ). The Kellers assert, on behalf of a certified class, claims for violation of consumer fraud statutes, breach of contract, negligent

misrepresentation, unjust enrichment and promissory estoppel, based on First Union's conduct in assessing late fees on timely received monthly mortgage payments.

6.      My partner, David H. Weinstein, and I also served as co-lead counsel in *Tina Cox, et al. v. Shell Oil Co.*, Civil Action No. 18,844 (Chancery Ct., Obion County, TN), a class action on behalf of all owners of homes and buildings throughout the United States which contain defective polybutylene plumbing systems. The settlement of this litigation has provided and continues to provide qualifying homeowners with repairs to their plumbing systems or complete replumbing of their homes and payment of or reimbursement for property damage at 100 cents on the dollar.

7.      In addition, I have served as class counsel in scores of other consumer related cases, including: *Arango v. Capital Products Company*, C.A. No. 90-1037 (D.N.J.) (false certification that aluminum windows met AAMA standards); *Frazier v. Scarborough Corp.*, Docket No. L-08548-93 (NJ Sup.Ct., Law Div.) (False claims by builder about quality of windows installed in homes); *Curran v. Bradford White*, C.A. No. 199910051 (CCP Mont.Co.) (knowing sale of water heaters containing dip tubes that disintegrated in hot water and chlorine); *Kuhnel v. CNA Insurance Co.*, Docket No. ATL-C-0184-94 (N.J. Sup.Ct., Ch.Div.) (inclusion of non-lienable administrative expenses in Workers Compensation lien), among others.

8.      I also represent putative classes of small business in three cases pending in this court: *Freedom Medical Supply, Inc. v. AAA Mid-Atlantic Insurance Co.*, Civil Action No. 2003-No. 003305 (CCP-Phila); *Freedom Medical v. Nationwide Mutual Insurance Company*, May Term, 2003, No. 003296 (CCP-Phila); and *Sigma Supplies Corp. v. Progressive Northern Ins. Co.*, Aug. Term 2003, No. 002968 (CCP-Phila.). These case involve the failure of the insurance company defendants to reimburse durable medical equipment vendors in accord with the requirements of the

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.* (2002) ("Act 6").

9.    I have interviewed Attorney Michael Donovan about the nature of the case and the result obtained after a two-week jury trial before this Court.  I am aware that this case was certified as a class action both by this Court and by the United States District Court for the Eastern District of Pennsylvania.

10.    I am submitting this Certification in support of class counsel's fee application.

11.    I am extremely familiar with the market for counsel in contingent fee litigation, both nationally and in the Philadelphia area. The bulk of my work is in such cases, which cases frequently involve other counsel. During the fee petition stage of the litigation, I frequently become aware of what counsel of similar experience and skill bill for their time.

12.    Based upon my familiarity with the market, it is my belief that an hourly rate of $520 for Michael Donovan and $500 for David Searles is appropriate in this case. It is consistent with the rates charged by other counsel of similar experience in this marketplace.

13.    In addition, in the absence of an award of fees at this level, plaintiffs will have difficulty in obtaining counsel in such cases. Automobile defect cases are extremely risky. Even when such cases are successful at trial, they remain at great risk of reversal on appeal. Defendants are large corporation with significant resources at their disposal. They hire top-notch defense counsel, and well-credentialed expert witnesses. Plaintiffs' counsel must match defendants' resources from their own pockets, with the significant possibility of losing their own money in the battle. In the absence of generous remuneration, sane counsel would not bear such risk. My own experience with a similar automobile defect litigation has made me hesitant to undertake this type of case again.

I certify under penalty of perjury that the foregoing is true and correct.

Date: July 5, 2005

Robert S. Kitchenoff

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| SHAMELL SAMUEL-BASSETT <br> On behalf of herself and all others similarly situated, | JANUARY TERM, 2001 <br><br> No. 2199 |
| Plaintiff, | CLASS ACTION |
| v. | |
| KIA MOTORS AMERICA, INC., | |
| Defendant. | |

CERTIFICATION OF IRA NEIL RICHARDS, ESQUIRE ON BEHALF OF
TRUJILLO RODRIGUEZ & RICHARDS, LLC

I, Ira Neil Richards, Esquire, hereby certify as follows:

1.     I am a member of the firm of Trujillo Rodriguez & Richards, LLC, a nine attorney firm with offices located in Philadelphia, Pennsylvania, and Haddonfield, New Jersey. I have been a member of the firm since 1997. I make this Certification upon personal knowledge.

2.     I was admitted to practice in Pennsylvania in 1987 and am a member of the bar of this Court. My firm serves as co-counsel with Donovan Searles, LLC in an action in New Jersey Superior Court against Kia Motor America, Inc. on behalf of a class of New Jersey consumers asserting claims arising from the same conduct at issue in this case.

3.     My practice includes the representation of plaintiffs in individual and class action complex litigation primarily in the areas of antitrust, securities, and consumer protection litigation. I have been lead or co-lead counsel in a variety of class action matters, including In re: Pillar Point Antitrust Litigation (D. Ariz.) (MDL); In re: Pressure Sensitive Labelstock

Antitrust Litig., (M.D. Pa.) (MDL); Roberts v. Fleet Bank, N.A., (E.D. Pa); Gartland v. Beneficial Consumer Discount, Inc. (C.C.P. Phila. Cty.). I have also been co-counsel in numerous class actions involving a variety of issues since 1989. As a result, I am familiar with the market for plaintiffs' class action attorneys' services and the rates that attorneys practicing in this market typically charge.

4.      I am also familiar with the claims in this litigation and the result obtained. I am also generally familiar with the efforts of Plaintiffs' counsel to obtain the result for the Class.

5.      I am submitting this Certification in support of Class Counsel's fee application.

6.      My firm sets its hourly rates in comparison to the rates charged by other firms with similar complex litigation practices. In this regard, I have reviewed the rates charged by other firms, both locally and nationally, for similar kinds of litigation. Based on my familiarity with the rates that firms apply to complex contingent fee class action litigation, I believe that the rates charged by Donovan Searles, LLC in this litigation are consistent with market rates. Also, based on my review of the rates that other firms charge for similar cases, I believe that the Plaintiffs in this case would have difficulty obtaining experienced counsel with the qualifications of Donovan Searles, LLC for materially lower rates than those charged by Donovan Searles, LLC.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: June 30, 2005                _____
                                   Ira Neil Richards

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

SHAMELL SAMUEL-BASSETT
on behalf of herself and all
others similarly situated,

          Plaintiff,

          v.

KIA MOTORS AMERICA, INC.,

          Defendant.

JANUARY TERM 2001

NO. 2199

CLASS ACTION

## CERTIFICATION OF JONATHAN SHUB, ESQUIRE

I, JONATHAN SHUB, Esquire, hereby certify as follows:

1.    I am a member of the firm of Sheller, Ludwig & Badey, P.C. a seventeen- attorney firm with offices located in Philadelphia, Pennsylvania and Marlton, New Jersey. I have been a member of the firm since 2002. I make this Certification upon personal knowledge.

2.    I was admitted to practice in Pennsylvania in 1988 and am a member of the bar of this Court.

3.    My practice includes the representation of plaintiffs in individual and class action litigation primarily in the areas of consumer protection litigation. I have handle consumer cases involving, among other things, automobiles, computer hardware and software, consumer electronics, and durable goods. I have been Lead Counsel or Co-Lead counsel in a number of national cases involving these types of products, including *Lipner v. Palm*, CV81055 (Ca. 2003); *Bornstein v. UMAX*, No. CV784146 (Ca. 2001); *Haddain v. Mitsubishi Motors*, No. DOCKET

No. CAM L-6513 00 (N.J. 2003); and *Daugherity v. International Business Machines Corp*,

Cause No. 23,162 (Tx. 21st Judicial Ct 2003).

4.      I have interviewed Attorney Michael Donovan about the nature of the case and the

result obtained after a two-week jury trial before this Court. I am aware that this case was

certified as a class action both by this Court and by the United States District Court for the

Eastern District of Pennsylvania.

5.      I am submitting this Certification in support of class counsel's fee application.

6.      As a practitioner in this area for the past fifteen years, I am familiar with the

contingency fee market and the hourly rate markets in the Philadelphia region. I have had the

opportunity to review and compare the rates charged by lawyers working on both an hourly basis

and on a contingency basis. In addition, I have submitted fee applications in class actions in this

Court and elsewhere in this locality over the course of many years.

7.      It is my opinion that the hourly rates of class counsel that have been submitted in

in connection with class counsel's fee application is appropriate in this matter. As the Court is

aware, this litigation was hard from the inception through trial. Based on my review of the work

that was done in this case, coupled with my analysis of the prevailing rates in this region, it is my

belief that an hourly rate of $520 for Michael Donovan and $500 for David Searles is appropriate

in this case. My experience in this area of the law is that these rates are consistent with the

market in Philadelphia for experienced consumer class action counsel such as Messrs Donovan,

Francis and Feldman. In addition, absent such a rate, a plaintiff might have difficulty obtaining

the type of experienced counsel that was necessary the try the case like the one tried by Messrs

Donovan, Francis and Feldman before this Court.

I certify under penalty of perjury that the foregoing is true and correct.

Date: July 5, 2005

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

|  |  |
|---|---|
| MICHELLE BRAUN, on behalf of herself and all others similarly situated,<br>Plaintiff, | : <br> : <br> : |
|  | MARCH TERM, 2002 |
| v. | : No. 3127 |
| WAL-MART STORES, INC., a Delaware Corporation, and SAM'S CLUB, an Operating segment of Wal-Mart Stores, Inc., Defendants. | : CLASS ACTION <br> : <br> : <br> : |

|  |  |
|---|---|
| DOLORES HUMMEL, on behalf of herself and all others similarly situated,<br>Plaintiff, | : <br> : <br> : |
|  | AUGUST TERM, 2004 |
| v. | : No. 3757 |
| WAL-MART STORES, INC., a Delaware Corporation, and SAM'S CLUB, an Operating segment of Wal-Mart Stores, Inc., Defendants. | : CLASS ACTION <br> : <br> : <br> : |

## CERTIFICATION OF CARY L. FLITTER

I, CARY L. FLITTER, hereby certify as follows:

1.    I am a partner with Lundy, Flitter, Beldecos & Berger, P.C., an eight lawyer law firm with offices in Montgomery County, Pennsylvania and Southern New Jersey.   I was admitted to practice law in 1981, and am a member of the bar of this Court.

2.    I have been certified as class counsel in at least three matters before this Court and in over a dozen class cases before the United States District Court for the Eastern District of

Pennsylvania. I have also represented defendants in several class cases included one employment law class case. *Black v. Premier Co.*, 2002 U.S. Dist. Lexis 26461 (E.D. Pa. Aug. 13, 2002).

3.     My practice includes the representation of plaintiffs and defendants in individual and class action litigation primarily in the areas of complex civil litigation, commercial litigation and consumer credit litigation. I have tried at least 20 cases to verdict, including at least 5 before this Court.

4.     I am familiar with the nature of the cases captioned above and the result obtained after a six-week jury trial before this Court. I am aware that this case was certified as a class action by this Court after multiple evidentiary hearings on the class certification issues.

5.     I am submitting this Certification in support of class counsel's fee application.

6.     As a practitioner in this area for the past twenty-five years, I am familiar with the contingency fee market and the hourly rate market in the Philadelphia region. I have had the opportunity to review and compare the rates charged by lawyers working on both an hourly basis and on a contingency basis. In addition, I have submitted fee applications in class actions in this Court and elsewhere in this locality over the course of many years. I have also conducted CLE's on the law of statutory counsel fees and have written numerous articles on the topic of the law of counsel fees in Pennsylvania.

7.     It is my opinion that the $600 per hour rate for lead class counsel Michael D. Donovan and the $550 per hour rate for his partner, David A. Searles, that have been submitted in connection with class counsel's fee application are appropriate and fair market rates in this matter. It is my understanding that this Court approved hourly rates of $520 and $500 respectively for Messrs. Donovan and Searles in connection with the fee petition in the *Samuel-Bassett v. Kia Motors America, Inc.* class action, which Mr. Donovan tried before the Court in

May 2005. As the Court is aware, class action litigation is often complex, and there are very few lawyers who have successfully tried class actions to verdict in this or any other jurisdiction. Based on my understanding of the work that was done in this case, coupled with my familiarity with the prevailing rates in this region for contingent-fee rates in complex cases, it is my belief that an hourly rate of $600 for Michael D. Donovan and $550 for David A. Searles is appropriate in this case. My experience in this area of the law is that these rates are consistent with the market in Philadelphia for highly experienced class action counsel such as Messrs Donovan and Searles. In addition, absent such a rate, a plaintiff might have difficulty obtaining the type of experienced counsel that was necessary the try the case like the one tried by Mr. Donovan before this Court.

I certify under penalty of perjury that the foregoing is true and correct, 18 Pa. C.S.A. §4904.

Date: December 15, 2006

_____
CARY L. FLITTER

3

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

MICHELLE BRAUN, on behalf of herself
and all others similarly situated,
     Plaintiff,

   MARCH TERM, 2002

     v.

   No. 3127

WAL-MART STORES, INC., a Delaware
Corporation, and SAM'S CLUB, an
Operating segment of Wal-Mart Stores, Inc.,
     Defendants.

   CLASS ACTION

---

DOLORES HUMMEL, on behalf of herself
and all others similarly situated,
     Plaintiff,

   AUGUST TERM, 2004

     v.

   No. 3757

WAL-MART STORES, INC., a Delaware
Corporation, and SAM'S CLUB, an
Operating segment of Wal-Mart Stores, Inc.,
     Defendants.

   CLASS ACTION

## CERTIFICATION OF JOSEPH R. PODRAZA, JR.

I, JOSEPH R. PODRAZA, JR., Esquire, hereby certify as follows:

1.  I am associated with the firm of Sprague & Sprague, a fifteen-attorney firm with offices located in Philadelphia, Pennsylvania. I have been associated with the firm since 1993. I make this Certification upon personal knowledge.

2.  I was admitted to practice in Pennsylvania in 1988 and am a member of the bar of this Court.

3.  My practice includes the representation of plaintiffs and defendants in individual and class action litigation primarily in the areas of complex civil litigation, commercial litigation and healthcare law. I have handled cases involving medical staff physicians, hospitals, law firms, sports teams, and automobile businesses.

4.  I am familiar with the nature of the cases captioned above and the result obtained after a six-week jury trial before this Court. I am aware that this case was certified as a class action by this Court after multiple evidentiary hearings on the class certification issues.

5.   I am submitting this Certification in support of class counsel's fee application.

6.   As a practitioner in this area for the past eighteen years, I am familiar with the contingency fee market and the hourly rate market in the Philadelphia region.  I have had the opportunity to review and compare the rates charged by lawyers working on both an hourly basis and on a contingency basis.

7.   It is my opinion that the $600 per hour rate for lead class counsel Michael D. Donovan and the $550 per hour rate for his partner, David A. Searles, that have been submitted in connection with class counsel's fee application are appropriate in this matter.  It is my understanding that this Court approved hourly rates of $520 and $500 respectively for Messrs. Donovan and Searles in connection with the fee petition in the *Samuel-Bassett v. Kia Motors America, Inc.* class action, which Mr. Donovan tried before the Court in May 2005.  As the Court is aware, class action litigation is often complex, and there are very few lawyers who have successfully tried class actions to verdict in this or any other jurisdiction.  Based on my understanding of the work that was done in this case, coupled with my familiarity with the prevailing rates in this region for contingent-fee rates in complex cases, it is my belief that an hourly rate of $600 for Michael D. Donovan and $550 for David A. Searles is appropriate in this case.  My experience in this area of the law is that these rates are consistent with the market in Philadelphia for experienced class action counsel such as Messrs Donovan and Searles.  In addition, absent such a rate, a plaintiff might have difficulty obtaining the type of experienced counsel that was necessary to try the case like the one tried by Mr. Donovan before this Court.

I certify under penalty of perjury that the foregoing is true and correct.

Date: December 15, 2006

JOSEPH R. PODRAZA, JR.

2